■ In the Matter of CHARLENE H., Appellant.—In proceedings pursuant to article 7 of the Family Court Act, in which appellant was adjudicated a person in need of supervision (S-302/77) and a juvenile delinquent, (D-198/77), which proceedings were consolidated for the purpose of disposition, the appeals are from (1) an order of the Family Court, Richmond County, dated November 2, 1977, which placed appellant with the Division for Youth, without specifying the class of agency, and (2) a further order of the same court, dated February 16, 1978, which, after a hearing, denied appellant's motion to vacate the disposition and substitute a neglect petition for Petition D-198/77. Orders reversed, on the law, without costs or disbursements, motion granted to the extent that the Family Court is directed to designate a person pursuant to section 1032 of the Family Court Act to file a neglect petition and to hold a hearing thereon as soon as practicable and a new dispositional hearing is directed. The dispositional hearing shall be conducted at the conclusion of the neglect proceeding in accordance herewith. At the hearing on the Law Guardian's motion to vacate the disposition placing appellant with the Division for Youth, unspecified, evidence was adduced that appellant's parents separated within a year of her birth, that her father was frequently drunk and that she and her three siblings had been placed voluntarily in facilities under the Bureau of Child Welfare on a number of occasions. These and other facts gleaned from the record strongly suggest that this 13-year-old appellant may be a neglected child within the purview of section 1012 (subd [f], par [i], cl [B]) of the Family Court Act. Accordingly, we conclude that the application of the Law Guardian, insofar as she requested that such a neglect proceeding be instituted, should have been granted by the Judge in the Family Court. We therefore direct the Family Court to exercise its power under section 1032 of the Family Court Act by designating an appropriate person to file a neglect petition and to continue its jurisdiction over appellant by virtue of the juvenile delinquency and PINS petitions. If the neglect petition is sustained, the Family Court should then dismiss the delinquency and PINS petitions. However, if it is not sustained, the Family Court should then conduct a new dispositional hearing under the adjudications made in the delinquency and PINS petitions with a view towards placing appellant in a particular agency or class of agency (see *Matter of Kyle S.,* — AD2d —; *Matter of Francisco R.,* 56 AD2d 847). Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.