■ In the Matter of the Guardianship of TASHA RENETTE E., and Others, Children Alleged to be Permanently Neglected. VERA FRANCES S., Appellant; ST. CHRISTOPHER-OTTILIE, Respondent.—Orders of the Family Court, New York County (Sheldon Rand, J.), entered on December 29, 1988, which terminated respondent mother's custody and guardianship of the children and awarded that guardianship to the Commissioner of Social Services and authorized petitioner agency to put the children up for adoption without the consent of, or notice to, respondent, following a fact finding that determined respondent to have permanently neglected her children, are unanimously affirmed, without costs or disbursements.

Respondent mother contends that petitioner agency failed to prove that it exercised diligent efforts to strengthen the parental relationship between her and the children and that she did not maintain contact with her children or plan for their future. In that regard, the evidence clearly demonstrates that the agency diligently endeavored to reunite the family by attempting to assist respondent in regularly visiting her children, obtaining adequate housing, stabilizing her welfare status, attending parental training groups and continuing therapy sessions. Respondent, however, did not cooperate with petitioner's efforts. She repeatedly received carfare from the agency and then canceled her scheduled visits. Between June of 1984 and June of 1987, she saw her children 15 times out of 37 scheduled visits. From August of 1986 to June 30, 1987, she did not visit the children at all. Indeed, when the children were to be discharged to her in August of 1986, she not only failed to take them home but did not contact the agency for two months. Respondent also did not show up at the parent training classes arranged for her (other than possibly a few isolated meetings), and there is no indication that she ever appeared at the Mental Health Center to receive counseling or therapy. Moreover, despite being accorded many opportuni-

ties to furnish adequate living conditions for her children, respondent failed to follow through on a plan for the return of the children by finding housing or stabilizing her welfare status. Accordingly, there was a sufficient basis to support the determination of permanent neglect (*Matter of Star Leslie W.*, 63 NY2d 136). The evidence further establishes that respondent is unable to assume the care of the children and, therefore, the children's best interests are served by a termination of parental rights so that they can be freed for adoption by the foster mother (Social Services Law § 384-b [1] [b]; *Matter of Gregory B.*, 74 NY2d 77, 90). Finally, we note that there is no appeal as of right from a fact-finding, nondispositional order of the Family Court in a permanent neglect proceeding (Family Ct Act § 1112 [a]; *Matter of Shawn C. A.*, 110 AD2d 697). Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.