■ In the Matter of ERIC W. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ODESSA W., Appellant. —In a proceeding pursuant to Social Services Law § 384-b to terminate the appellant's parental rights to her son, the appeal is from an order of the Family Court, Westchester County (Miller, J.), entered January 7, 1987, which, *inter alia,* terminated the parental rights of the appellant.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner, the Westchester County Department of Social Services (hereinafter the DDS), commenced this proceeding to terminate the appellant's parental rights in her nine-year old son, Eric. Eric was first placed in foster care when he was one month old. Except for two brief periods in 1979, Eric has remained in foster care his entire life. Eric has lived with his present foster mother since 1980. The appellant admitted to allegations of permanent neglect in 1985. The disposition of the guardianship proceeding was adjourned on the consent of all parties for six months in the hope of returning the child to the appellant. The court ordered the DDS to arrange for visitation and to assist the appellant in obtaining appropriate housing and employment. The court further ordered psychiatric and psychological evaluations of the appellant and Eric, and therapy if needed. Following one year of efforts to assist

the appellant, the court, *inter alia,* terminated the appellant's parental rights in order to free Eric for adoption by his foster mother. We affirm.

After a determination of permanent neglect, a court need only be concerned with the best interests of the child at a dispositional hearing *(see, Matter of Star Leslie W.,* 63 NY2d 136). When it is clear that the natural parent cannot offer a normal home for a child and that continued foster care is not an appropriate plan, Social Services Law § 384-b directs that a permanent home be sought. The Legislature has made clear that prolonged foster care is not in the child's best interests since it deprives a child of a positive, nurturing family relationship *(see, Matter of Gregory B.,* 74 NY2d 77; *Matter of Joyce T.,* 65 NY2d 39; *Matter of Tasha E.,* 161 AD2d 226; *Matter of Lutfee M.,* 157 AD2d 604). In this case, the court properly found that there was clear and convincing evidence that the appellant had failed, for approximately one year, to formulate a feasible and realistic plan to assume the care of Eric, despite the agency's diligent efforts to encourage and strengthen the parental relationship *(see, Matter of Star Leslie W., supra).* The court reviewed the testimony of caseworkers and psychologists, all of whom agreed that Eric's best interests would be served by terminating the appellant's parental rights in order to free Eric for adoption by his foster mother. Two psychologists testified that Eric wished to be adopted by his foster mother. Both psychologists agreed that it would not be in Eric's best interests to continue to see the appellant. In addition, there was expert testimony that Eric was upset by having two mothers and being shuffled between two homes. The court took note that Eric had been experiencing behavioral problems at school and in his foster home since his renewed relationship with the appellant. The court also noted that Eric had been in the custody of his present foster mother for so long as to threaten him with psychological trauma in the event of his removal *(see, Matter of Leon RR,* 48 NY2d 117). Finally, an in-camera interview of the child revealed that Eric desperately wished to remain with and be adopted by his foster mother. In conclusion, the evidence adduced at the dispositional hearing supports the court's determination that the appellant is not able to assume the care of Eric and therefore, his best interests would be served by a termination of parental rights in order to free him for adoption by his foster mother *(see,* Social Services Law § 384-b [1]; *Matter of Gregory B., supra).* Kunzeman, J. P., Rosenblatt, O'Brien and Ritter, JJ., concur.