■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v JUNE R. et al., Appellants.—In a proceeding pursuant to Family Court Act article 6, the natural mother and the natural father separately appeal, as limited by their briefs, from stated portions of an order of the Family Court, Nassau County (DeMaro, J.), dated December 18, 1990, which, *inter alia,* terminated their respective parental rights in their three children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This proceeding was brought by the Nassau County Department of Social Services (hereinafter the agency) in June 1989 to permanently terminate the appellants' parental rights in their children, Andrew F., Kristopher F., and Celina R., on the ground that they had failed to maintain contact with or plan for the future of their children. The children Andrew F. and

Kristopher F. were placed in foster care for the second time in November 1987. Celina R. was born with a positive toxicology for cocaine in May 1988 and was placed in foster care the following June.

We find that the clear and convincing evidence adduced at the fact-finding hearing established that the appellants failed to formulate a feasible and realistic plan to assume the care of their children, despite the agency's diligent efforts to encourage and strengthen the parental relationship (see, Matter of Star Leslie W., 63 NY2d 136; Social Services Law § 384-b [7]). The appellants failed to cooperate with the agency's efforts to assist them with drug counseling and parenting skills programs (see, Matter of Sheila G., 61 NY2d 368, 385). The appellants' fourth child was born in May 1989 with a positive toxicology for cocaine. Moreover, the evidence established that each of the appellants visited the children infrequently while they were in foster care and failed to attend planning conferences with the agency.

The evidence adduced at the dispositional hearing established that it would be in the children's best interest to terminate the appellants' parental rights, as continued foster care is not an appropriate plan (see, Matter of Joyce T., 65 NY2d 39, 47; Matter of Eric W., 175 AD2d 871). Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.