■ SALVATORE CASTRO, Petitioner, v PATRICIA CASTRO, Respondent. STEVEN H. CURLANDER, as Law Guardian, Appellant. [603 NYS2d 239] —Mercure, J. Appeal from a decision of the Family Court of Sullivan County (Meddaugh, J.), rendered January 11, 1993, which, in a proceeding pursuant to Family Court Act article 6, denied the Law Guardian's application for an order directing that a child protective investigation be conducted.

By order entered October 29, 1992, Family Court awarded the parties joint custody of their four children, with petitioner having physical custody from Friday at 6:00 P.M. to Monday at 6:00 P.M. and respondent having physical custody for the balance of the week. In November 1992, petitioner sought to modify that order, alleging that respondent had told him she was leaving with her boyfriend and petitioner could keep the children. At a hearing conducted on January 11, 1993, petitioner advised Family Court that respondent's current location was unknown but that she had recently telephoned from California and was living in a van, moving around. This prompted the Law Guardian to state that "[t]his is not the first time [respondent] just walked out of the childrens' [sic] lives all of a sudden * * * this may be a case which may necessitate an Article 10 investigation for abandonment and I request the Court order an Article 10 investigation". Rather than grant the Law Guardian's application, Family Court modified the prior order so as to grant petitioner permanent physical custody of the children based upon respondent's absence from New York. The Law Guardian appeals.

Inasmuch as Family Court's denial of the Law Guardian's application was not embodied in a written order, the appeal must be dismissed (see, Family Ct Act § 1112 [a]; Matter of Tavolacci v Garges, 124 AD2d 733, 734; 1 Newman, New York Appellate Practice § 3.09 [1]). Further, a nondispositional order in a Family Court Act article 6 proceeding may not be appealed to this Court as of right (see, Family Ct Act § 1112 [a]). Moreover, even if Family Court's determination had been incorporated into an appealable order and leave to appeal had been granted, we would affirm. In our view, Family Court acted well within its discretion in denying the application (see, Family Ct Act § 1034 [1]; Matter of Weber v Stony Brook Hosp., 60 NY2d 208, cert denied 464 US 1026; cf., Matter of Charlene H., 64 AD2d 900).

Yesawich Jr., J. P., Crew III, White and Casey, JJ., concur. Ordered that the appeal is dismissed, without costs.