■ In the Matter of ASHLEY W. and Another, Children Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA W., Respondent. WILLIAM K. HATCH, as Law Guardian, Appellant. [659 NYS2d 802] —Mercure, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), dated February 6, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend the placement of Katrina W. for a period of one year.

In January 1995, Family Court entered an order adjudicat-

ing respondent's four children to be neglected. By way of disposition, Family Court placed respondent's daughter, Katrina W., in petitioner's custody and placed respondent under petitioner's supervision for a period of 12 months, terminating on January 10, 1996. Respondent's three eldest children continued living with her. In October 1995, petitioner filed a petition seeking to extend the order of placement and supervision for an additional period of 12 months. By order to show cause dated November 27, 1995, the children's Law Guardian made application for an order, *inter alia*, removing respondent's three eldest children from her custody and placing them in a foster home, removing petitioner as the social services agency on the case and holding petitioner in contempt for failing to comply with the Law Guardian's discovery demands. Following extensive colloquy at a January 24, 1996 proceeding, Family Court denied the greater portion of the relief sought in the Law Guardian's application and granted the petition for extension of the placement and supervision. The Law Guardian now purports to appeal an order of Family Court dated February 6, 1996.

As a preliminary matter, we note that the record on appeal contains no order dated or entered on February 6, 1996. The record contains orders entered December 7, 1995, which temporarily extended Katrina's placement pending a hearing on the petition for extension of placement, and January 29, 1996, which extended Katrina's placement for a period of one year, each of which is labeled "ORDER APPEALED". Obviously, any appeal from those orders is moot because the extension of placement expired on January 10, 1997 (*see, Matter of Demetrius X.*, 228 AD2d 804). In addition, we note that the Law Guardian is not aggrieved by the January 1996 order and in fact consented to its entry.

An order entered March 8, 1996, which partially denied the Law Guardian's November 27, 1995 application (submitted by the Law Guardian following oral argument in the absence of permission from this Court or notice to petitioner), has not been appealed and is not appealable as of right in any event (*see, Castro v Castro*, 198 AD2d 594). Finally, we note that had the Law Guardian somehow overcome the foregoing obstacles, the March 1996 order would have been affirmed in any event because the appeal is devoid of discernible merit.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the appeal is dismissed, without costs.