In the Matter of SHARON CRYSTAL F., a Child Alleged to be Neglected. NICOLE VALERIE D. et al., Appellants; CATHOLIC GUARDIAN SOCIETY & HOME BUREAU et al., Respondents. [934 NYS2d 377]—

Clear and convincing evidence established that the mother suffered from mental illness as defined by Social Services Law § 384-b (4) (c) and (6) (a) (*see e.g. Matter of Genesis S. [Irene Elizabeth S.],* 70 AD3d 570 [2010]). A court-appointed psychologist examined the mother and determined that she suffers from a mental illness which impairs her ability to care for the child now and for the foreseeable future. He noted that she had been hospitalized numerous times for schizophrenia, paranoid type, and that despite medication, she was acutely symptomatic when he interviewed her.

There is also clear and convincing evidence that the agency exerted diligent efforts to reunite the father and the child, and that notwithstanding such diligent efforts, the father permanently neglected his daughter (*see* Social Services Law § 384-b [7] [a]). The agency's progress notes reflected numerous attempts to encourage the father to comply with the service plan, but he refused to obtain a mental health evaluation, complete a drug treatment program, and participate in various referrals, including a domestic violence program (*see Matter of Robert Calvin R.,* 59 AD3d 265 [2009]). Although the father visited with the child on an intermittent basis when he was not incarcerated, this was insufficient to overcome the evidence of his failure to address the problems that led to the child's placement.

A preponderance of the evidence demonstrated that the best interests of the child were served by the termination of the parents' parental rights to free the child for adoption by the foster mother, who tended to the child's special needs (*see Matter of Star Leslie W.,* 63 NY2d 136, 147-148 [1984]). The child had resided in the foster home for almost her entire life and was thriving in the foster home. The court properly found that a suspended judgment was not warranted since the child should not have to wait any longer to obtain stability in her life based on the father's plan to turn his life around after his release from prison (*see Matter of Lorenda M.,* 2 AD3d 370, 371 [2003]). Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Freedman, JJ.