■ In the Matter of ALYSSA L. and Another, Children Alleged to be Permanently Neglected. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; DEBORAH K., Appellant. [941 NYS2d 740]—

Spain, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered July 7, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected.

Respondent is the mother of two girls, Alyssa L. (born in 1993) and Rebekah K. (born in 1997). A neglect investigation began in May 2007, during which the girls reported that respondent, due to an addiction to multiple pain medications and substances, regularly fell asleep while cooking or driving, had been involved in several accidents, and was often passed out when they returned home from school with cigarettes or candles left burning, causing them to be extremely fearful of being in her care. The girls also reported that respondent was verbally abusive to Alyssa and, when they expressed fear about her driving, respondent deliberately drove her car into oncoming traffic. Despite orders of protection, among other things, prohibiting

respondent from driving with the girls or using the stove without their supervision, respondent's conduct continued, placing the girls at physical and emotional risk. In October 2007, a neglect petition was filed; Alyssa was removed on an emergency application and temporarily placed in foster care (*see* Family Ct Act § 1024), and Rebekah was temporarily placed in the custody of her half sister under Family Ct Act article 6 until April 2008, when that order was vacated. Rebekah was thereafter temporarily placed in petitioner's custody and has since lived with Alyssa in the same foster home.

In May 2008, respondent consented to a finding of neglect without admission (*see* Family Ct Act § 1051 [a]) based upon uncontested sworn facts alleged in the neglect petition and upon petitioner's proof. Respondent was placed under petitioner's supervision and the girls were placed in petitioner's custody. The order of supervision required respondent, among other things, to cooperate with any services petitioner deemed appropriate and to follow any recommendations, including alcohol, substance abuse and mental health evaluations and treatment recommendations, as well as prevention programs with individual and family counseling. All contact between the girls and respondent, including supervised visitation, was left up to the girls to request as they wished, consistent with their counselors' recommendations against forced visitation at that time. The permanency plan provided for their return to respondent.

In May 2009, petitioner commenced the instant proceeding to terminate respondent's parental rights as to both girls, alleging her failure to plan for their future since their removal in October 2007. Following a lengthy fact-finding hearing, respondent was determined to have permanently neglected the girls in that, despite petitioner's diligent efforts to encourage and strengthen the parent-child relationship, she failed for a period of at least one year to plan for their future, although able to do so (*see* Family Ct Act § 614; Social Service Law § 384-b [7]). Respondent subsequently executed a voluntary surrender of her parental rights as to both girls (*see* Social Service Law § 384-c).[1] Respondent now appeals from the fact-finding order of permanent neglect, but not the final order approving her voluntary surrender, which order is not included in the record before us.

Respondent's appeal from the fact-finding order in this permanent neglect proceeding, taken as of right, is dismissed, as

---

1. The parental rights of Alyssa's father had been previously terminated, and Alyssa has reached the age of majority. Rebekah's father received notice of respondent's petition, but did not appear or participate in these proceedings.

"[no] appeal lies as of right from a nondispositional order of the Family Court in a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon *permanent neglect*, in contrast to a nondispositional order in a *neglect* proceeding pursuant to Family Court Act article 10" (*Matter of Sheldon D.G.*, 6 AD3d 613, 613 [2d Dept 2004] [emphases added], citing Family Ct Act § 1112 [a] *and Matter of Roy D.*, 207 AD2d 958 [4th Dept 1994]; *see Matter of Tasha E.*, 161 AD2d 226, 227 [1st Dept 1990]; *Matter of Shawn C.A.*, 110 AD2d 697, 698 [2d Dept 1985], *lv denied* 65 NY2d 605 [1985]; *see also Castro v Castro*, 198 AD2d 594, 594 [1993]). Pursuant to Family Ct Act § 1112 (a), "[a]n appeal may be taken as of right from any order of disposition." However, an order of fact-finding is not an order of disposition (*compare* Family Ct Act §§ 623, 631, *with* Family Ct Act § 622). Further, while Family Ct Act § 1112 (a) creates an exception and allows an appeal as of right "from an intermediate or final order in a case involving abuse or neglect," that provision has been interpreted "to apply to abuse and neglect cases brought pursuant to Family Court Act *article 10*, which may involve immediate risk to children . . . [but not] to permanent neglect cases brought pursuant to . . . *article 6*[2] [because] such cases do not lie unless the children have been in foster care for more than one year (*see,* Family Ct Act § 614 [1] [d]), and thus, those children are not [similarly] at immediate risk" (*Matter of Roy D.*, 207 AD2d at 958-959 [emphases and footnote added]; *see* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1112, at 256-257; 11 Carmody-Wait 2d § 74:73).[3] Accordingly, an appeal as of right by respondent from the order of fact-finding did not lie.

As respondent did not seek permission to appeal, the matter is not properly before us (*see* Family Ct Act § 1112 [a]). Given that respondent subsequently surrendered her parental rights as to both girls and the termination petition was withdrawn, Alyssa has reached the age of majority, and the lack of any ap-

---

**2.** A review of the legislative history of the 1991 amendments to Family Ct Act § 1112 (a) (*see generally* Bill Jacket, L 1991, ch 34)—in which appeals as of right from intermediate orders were accorded to cases of neglect on parity with cases of abuse—reflects no intention to include Family Ct Act article 6 permanent neglect fact-finding orders in the appeal as of right category. Indeed, it would be anomalous to single out nondispositional fact-finding orders in termination of parental rights cases based upon permanent neglect for as of right appeal status, but to exclude fact-finding orders in termination cases premised upon abandonment, mental illness or severe abuse.

**3.** To the extent that our decision in *Matter of Albert T.* (188 AD2d 934, 935 and 935 n [1992]) may suggest that an appeal as of right lies from a nondispositional fact-finding order in a permanent neglect proceeding, it should not be followed.

parent merit to the claims raised in respondent's appellate brief, we decline to treat respondent's notice of appeal as a request for permission to appeal or to grant permission to appeal (*see Matter of Harley v Harley*, 129 AD2d 843, 844 [1987]; *cf. Matter of Erika G.*, 289 AD2d 803, 803 n 2 [2001]).

Mercure, A.P.J., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, without costs.