McCarthy, J.
Appeals from a decision and two orders of the Family Court of Tompkins County (Rowley, J.), entered September 13, 2012, October 4, 2012 and December 18, 2012, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent’s parental rights.
Respondent is the mother of Jah’Meir G. (born in 2010). In December 2010, the child was removed from respondent’s home and placed in petitioner’s custody due to allegations that she exposed him to an imminent risk of harm through her substance abuse, frequent parties at her home and failure to provide adequate care and supervision. Upon a stipulation without admissions, Family Court found that respondent neglected the child. In December 2011, petitioner commenced this proceeding alleging permanent neglect. Following a hearing, the court found that respondent permanently neglected the child. Family Court then held a combined hearing to address the disposition in this proceeding and a custody petition filed by the child’s great-grandmother. In separate orders, the court dismissed the great-grandmother’s petition and terminated respondent’s parental rights. Respondent appeals.
*1015 Initially, we dismiss the appeal from the September 13, 2012 decision because a decision is not an appealable paper (see CPLR 5512 [a]). We dismiss the appeal from the October 4, 2012 fact-finding order because no appeal lies as of right from a nondispositional order in a permanent neglect proceeding pursuant to Social Services Law § 384-b, unlike from a nondispositional order in a neglect proceeding pursuant to Family Ct Act article 10 (see Matter of Alyssa L. [Deborah K.], 93 AD3d 1083, 1084-1085 [2012]; compare Family Ct Act § 1112 [a]). Nevertheless, issues from the fact-finding phase of the proceeding may be raised on our review of the dispositional order (see CPLR 5501 [a] [1]; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1282 n 1 [2012]).
Family Court properly found that respondent permanently neglected Jah’Meir. Petitioner met its threshold burden of establishing by clear and convincing evidence that it made diligent efforts to reunite respondent with her son. Petitioner’s caseworker testified that she maintained steady contact with respondent, created a service plan, arranged visits with the child, held regular family team meetings, made home visits, provided transportation assistance and made referrals for mental health services, substance abuse evaluations and housing assistance (see Social Services Law § 384-b [7] [f]; Matter of Neal TT. [Deborah UU.], 97 AD3d 869, 870 [2012]). Although respondent regularly visited with her son, she did not adequately plan for his future (see Social Services Law § 384-b [7] [a]). Despite petitioner’s offers of assistance, respondent never obtained stable or suitable housing. She continued to associate with volatile people, resulting in numerous emergency calls to police for unsafe situations, many occurring in respondent’s home. Respondent’s initial substance abuse evaluation did not recommend any treatment, but when the caseworker smelled marihuana on respondent, respondent refused to take a drug test and, once she did and failed, delayed an evaluation and did not engage in treatment. She admitted that she used marihuana during this time period. She missed several appointments due to lack of transportation and simply forgetting them, but she did not take advantage of bus passes and calendars offered by petitioner. Respondent did not follow through with mental health treatment and lied to the caseworker about her participation. She did not want to engage in group parenting classes, so she was accepted into individual classes, but did not complete the program by the time of the hearing. Petitioner’s employees testified that respondent did not properly control her emotions during visits and meetings, including in front of the child, sometimes yelling and threatening petitioner’s staff. Considered in totality, the evidence showed that, despite diligent efforts, re *1016 spondent did not adequately plan for her child’s future because she did not properly address or resolve the problems that led to his removal (see Matter of Neal TT. [Deborah UU.], 97 AD3d at 871; Matter of Jyashia RR. [John VV.], 92 AD3d 982, 984-985 [2012]; Matter of Laelani B., 59 AD3d 880, 881-882 [2009]).
Family Court did not err in terminating respondent’s parental rights rather than granting a suspended judgment. While respondent had begun mental health treatment, recognized that she had mental health issues and started taking medication, that all occurred shortly before the dispositional hearing. Respondent admitted that she used marihuana daily at some points, as well as other drugs. She tested positive for cocaine and marihuana during this period, including just weeks before the birth of a daughter, who was removed from her care. She was charged with several crimes and involved in a domestic dispute with her daughter’s father during the period prior to the dispositional hearing. Respondent was participating in family treatment court, but was not compliant with the rules. Under the circumstances, and considering that Jah’Meir had been in a preadoptive home for about a year, it is in his best interests to be freed for adoption (see Matter of Chorus SS. [Elatisha SS.], 93 AD3d 1097, 1099-1100 [2012], lv denied 19 NY3d 807 [2012]; Matter of Laelani B., 59 AD3d at 882).
Family Court did not err in declining to place the child with the great-grandmother. Jah’Meir had been living with preadoptive parents for almost a year, had bonded with them and had only seen the great-grandmother a few times while he was in placement. The great-grandmother, while currently sober for more than four years, had a history of alcohol abuse, a neglect case was previously brought against her concerning respondent and respondent’s sister, the great-grandmother had difficulties in caring for those children — one of whom was still in her care— and she did not acknowledge that her drinking had negatively affected the children in her care. While a family placement with the great-grandmother would have been permissible (see Family Ct Act §§ 1052 [a] [vi]; 1055-b), it was not in the child’s best interests here (see Matter of Sharon V. v Melanie T., 85 AD3d 1353, 1355-1356 [2011]; Matter of Donald W., 17 AD3d 728, 730 [2005], lv denied 5 NY3d 705 [2005]).
Rose, J.E, Stein and Garry, JJ., concur. Ordered that the appeals from the decision entered September 13, 2012 and the order entered October 4, 2012 are dismissed, without costs. Ordered that the order entered December 18, 2012 is affirmed, without costs.