■ In the Matter of Maranda R. and Others, Children Alleged to be Permanently Neglected. Susan R., Appellant; Catholic Guardian Society and Home Bureau, Respondent. [44 NYS3d 760]—

Orders, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about August 11, 2014, which, insofar as ap-

pealed from, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The findings of permanent neglect were supported by clear and convincing evidence (*see* Social Services Law 384-b [7]). The record demonstrates that the agency made diligent efforts to strengthen the parental relationship between respondent and the children by referring respondent to mental health treatment, drug treatment programs, and domestic violence counseling; encouraging her to leave the father; assisting her in seeking stable housing; and scheduling supervised visitation with her two younger children, and therapeutic visitation with her two older children. The agency's progress notes were properly authenticated, and were sufficient to establish diligent efforts (*see Matter of Sharon Crystal F. [Nicole Valerie D.]*, 89 AD3d 639, 640 [1st Dept 2011], *lv denied* 18 NY3d 808 [2012]).

While respondent completed some of the goals in her service plan, and many of the visits with her children were positive, she failed to gain insight into the problems that led to the children's removal from her care in the first instance (*see Matter of Marissa Tiffany C-W. [Faith W.]*, 125 AD3d 512 [1st Dept 2015]). Respondent never followed through on her promise to separate from the father, whose presence scared two of the children. Accordingly, her completion of the programs did not equate to her planning for the return of her children (*see Matter of Kimberly C.*, 37 AD3d 192 [1st Dept 2007]).

A preponderance of the evidence shows that it was in the children's best interests to terminate respondent's parental rights and free them for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). A suspended judgment was not warranted under the circumstances, including respondent's failure to address the issues that led to the children's placement in foster care, and her inability to care for the children who have special needs (*see Matter of Charles Jahmel M. [Charles E.M.]*, 124 AD3d 496 [1st Dept 2015], *lv denied* 25 NY3d 905 [2015]). Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.