■ In the Matter of NEKIA C., a Child Alleged to be Permanently Neglected. KEVIN E.C., Appellant; SAINT DOMINIC'S HOME, Respondent; LAUREL S.McC., Respondent. [63 NYS3d 234]—

Order, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about April 1, 2016, which to the extent appealed from, after a fact-finding hearing, found that respondent father Kevin E.C. permanently neglected the subject child, unanimously affirmed, without costs.

Although this nondispositional order is not appealable as of right, since this is a case based on permanent neglect (*see* Family Ct Act § 1112 [a]; *Matter of Alyssa L. [Deborah K.]*, 93 AD3d 1083 [3d Dept 2012]; *Matter of Tasha E.*, 161 AD2d 226 [1st Dept 1990]), the finding of permanent neglect constitutes a "permanent and significant stigma" that may impact respondent's status in future proceedings (*Matter of Latisha T'Keyah J. [Monie J.]*, 117 AD3d 1051, 1052 [2d Dept 2014]; *see also Matter of Joseph Benjamin P. [Allen P.]*, 81 AD3d 415 [1st Dept 2011], *lv denied* 16 NY3d 710 [2011]). Accordingly, the Court, on its own motion, deems the notice of appeal to be a request for leave to appeal, and hereby grants leave to appeal.

Clear and convincing evidence in the record supports Family Court's finding that the agency made diligent efforts to strengthen the parental relationship by scheduling visitation and providing referrals for services, to address the reason for the child's placement into foster care, and respondent had failed, for more than a year, to plan for the return of the child.

The fact that respondent completed services does not preclude a finding of permanent neglect, since the record shows that he was unable to demonstrate the necessary parenting skills and failed to adequately plan for the subject child because of his inability to separate from the mother, who continued to suffer from untreated alcoholism (*see Matter of Leroy Simpson M. [Joanne M.]*, 122 AD3d 480 [1st Dept 2014]; *Matter of Kie Asia T. [Shaneene T.]*, 89 AD3d 528 [1st Dept 2011]; *Matter of John G., Jr. [John G.]*, 70 AD3d 419, 420 [1st Dept 2010]; Social Services Law § 384-b [7] [a], [f]). Respondent refused to acknowledge his failure to protect the child from the effects of the mother's alcoholism that started, according to him, before the child's birth, and continued up to the date of the petitions (*see Matter of John G., Jr.*). Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.