Matter of Chad Nasir S. (Charity Simone S.) (2018 NY Slip Op 00026)





Matter of Chad Nasir S. (Charity Simone S.)


2018 NY Slip Op 00026


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5341

[*1]In re Chad Nasir S., and Another, Dependent Children Under the Age of Eighteen Years, etc., Charity Simone S., Respondent-Appellant. Abbott House, Petitioner-Respondent.


Neal D. Futerfas, White Plains, for appellant.
John R. Eyerman, New York, for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the children.



Orders, Family Court, New York County (Susan Knipps, J.), entered on or about July 26, 2016, which, to the extent appealed from as limited by the briefs, found that respondent mother is mentally ill within the meaning of Social Services Law § 384-b, unanimously affirmed, without costs.
Although this nondispositional order is not appealable as of right (see Family Ct Act § 1112[a]), the finding that the mother is mentally ill within the meaning of Social Services Law § 384-b constitutes a permanent and significant stigma that might impact her status in future proceedings (see Matter of Nekia C.,
155 AD3d 431 [1st Dept 2017]). Accordingly, the Court, on its own motion, deems the notice of appeal to be a request for leave to appeal, and hereby grants leave to appeal (id.).
Clear and convincing evidence supports the finding that the mother suffers from a mental illness as defined by Social Services Law § 384-b(4)(c) and (6)(a). The court-appointed psychologist who examined the mother for several hours and reviewed her extensive medical history opined that she is presently and for the foreseeable future unable to provide adequate care for the children due to mental illness (see Social Services Law § 384—b[4][c]; [6][a]; see Matter of Jeremiah M. [Sabrina Ann M.], 109 AD3d 736 [1st Dept 2013], lv denied 22 NY3d 856 [2013]). His uncontroverted testimony established that the mother's prognosis was "quite poor" because she lacks insight into her mental illness, refuses counseling and psychotropic medication, and did not continue her therapy once her therapist stopped working at the facility she was attending. The psychologist also noted that there was a possibility that the mother would require future hospitalizations, which could leave the children without someone to care for them (see Matter of Sharon Crystal F. [Nicole Valerie D.], 89 AD3d 639, 640 [1st Dept 2011], lv denied 18 NY3d 808 [2012]; Matter of Susan F., 106 AD2d 282, 283 [1st Dept 1984]).
Although the mother is correct that hearsay statements made by the father in the expert's report were inadmissible and should have been stricken, any error was harmless. The admissible evidence in the record, including the portions of the expert's report that did not include hearsay, was sufficient to support the finding that the mother is mentally ill within the meaning of Social Services Law § 384-b (see generally Lubit v Lubit, 65 AD3d 954, 956 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]; Matter of Benjamin L., 9 AD3d 153, 158-159 [1st Dept 2004]).
Family Court properly drew a negative inference from the fact that the mother, while present at the hearing, did not
testify (see Matter of Alford Isaiah B. [Alford B.], 107 AD3d 562 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK