■ In the Matter of the A. CHILDREN, Children Alleged to be Permanently Neglected. COMMISSIONER OF SOCIAL SERVICES et al., Respondents; RAYMOND M., Appellant. [653 NYS2d 342] — Order of disposition, Family Court, New York County (Sara Schechter, J.), entered on or about May 2, 1995, which terminated respondent's parental rights upon a finding that he had permanently neglected the subject children, and order, same court and Judge, entered on or about May 15, 1995, which denied respondent's motion to renew and reopen the dispositional hearing, unanimously affirmed, without costs. Appeals from the order of the same court and Judge, entered on or about December 8, 1993, which denied respondent's motion to retry the fact-finding determination, and from the orders of the same court (Jeffrey Gallet, J.), entered on or about October 4, 1993, which denied respondent's motion to dismiss the petition to terminate his parental rights, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.

Although not required to show diligent efforts to strengthen the father's relationship with the children because of his failure for some 13 months to keep them apprised of his whereabouts (Social Services Law § 384-b [7] [e] [i]; *Matter of Shamell J.*, 202 AD2d 285, 287), petitioners, nevertheless, did show that as soon as contact was resumed with respondent, they attempted to assist him in dealing with his myriad problems, not least by furnishing residential drug rehabilitation programs to him, but that respondent repeatedly left these programs and relapsed into drug use. Such evidence amply justified the findings of permanent neglect, respondent's participation in treatment programs notwithstanding (*see, Matter of S. Children*, 210 AD2d 175, *lv denied* 85 NY2d 807). Concerning the disposition, while respondent finally began to demonstrate some interest in dealing with his drug and alcohol addictions after the

conclusion of the fact-finding hearing, he still had done little or nothing to confront his tendency for domestic violence, unemployment and homelessness. Termination of parental rights is in the best interests of the children, there being no presumption in that regard in favor of a biological parent (*supra*), and since only termination will finally "pave the way for adoption and allow the children to grow up in a permanent home" (*Matter of Shamell J., supra*, at 288). We have considered respondent's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.