■ In the Matter of DAVID J., a Child Alleged to be Permanently Neglected. DEBORAH J., Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [688 NYS2d 543] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered on or about December 2, 1996, which terminated respondent's parental rights to the subject child following a fact-finding determination of permanent neglect and a further finding, after a hearing, that respondent had violated the terms of a suspended judgment, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence of respondent's repeated drug use, which required the child's placement in foster care from the time he was three weeks old, and has continued despite petitioner's diligent efforts to help respondent deal with it (*see*, Social Services Law § 384-b [7] [c]; *Matter of Selathia Nicole F.*, 243 AD2d 400, *lv denied* 91 NY2d 806; *Matter of Lameek L.*, 226 AD2d 464). The finding that termination of respondent's parental rights is in the child's best interests is supported by respondent's admitted relapse during the period of the suspended judgment, and a fair preponderance of the evidence showing,

among other things, that the child's foster sister has been providing quality care for him since the foster mother's illness and death. The evidence further shows that the foster sister is a responsible adult with a promising career who loves the child, wants to adopt him, and, in the latter regard, has the support of petitioner, the law guardian and the child's therapist. As Family Court put it, the child has waited long enough and should not have to wait any longer for respondent's rehabilitation and a permanent home (*see, Matter of A. Children*, 236 AD2d 271, 272). Concur—Nardelli, J. P., Williams, Tom, Rubin and Friedman, JJ.