█ In the Matter of CHRISTINA JANIAN E., a Child Alleged to be Permanently Neglected. BEVERLY E., Appellant; SHELTERING ARMS CHILDREN'S SERVICE, Respondent. [689 NYS2d 58] —Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about December 16, 1996, which terminated respondent-appellant's parental rights to the subject child upon a finding of permanent neglect, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purposes of adoption, unanimously modified, on the law and the facts, to vacate the dispositional portions of the order, and remand for a new dispositional hearing, and otherwise affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that respondent did not apprise the agency of her whereabouts for a period well in excess of six months after she became aware of the child's placement with the agency, excusing the agency of its due diligence obligations (Social Services Law § 384-b [7] [e] [i]). Moreover, during this period re-

spondent visited the child, who had been placed with respondent's mother, only infrequently and insubstantially, took no steps to provide an adequate and stable home for the child, and continued to use drugs despite having attended three drug rehabilitation programs (Social Services Law § 384-b [7] [b], [c]; *see, Matter of Star Leslie W.*, 63 NY2d 136, 143; *Matter of Aisha Latisha J.*, 182 AD2d 498, *lv denied* 80 NY2d 759). We also note that even during the two-month period after respondent made herself known to the agency and before the filing of the petition, respondent failed to cooperate with the agency's efforts to arrange visitation and enrollment in drug rehabilitation and parenting skills programs, and continued to live in a place that does not allow children. However, in view of changed circumstances since the dispositional hearing, namely, the unavailability of the child's aunt as an adoptive parent, the movement of the child into two non-kinship foster homes, and indications of progress by respondent during the latter part of the proceedings, the matter is remanded for a new dispositional hearing (*see, Matter of Michael B.*, 80 NY2d 299, 318). Concur—Williams, J. P., Rubin, Mazzarelli, Saxe and Friedman, JJ.