■ In the Matter of ANTOINE M. and Others, Children Alleged to be Permanently Neglected. ANTOINE LATIEF M., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [777 NYS2d 96]—

Orders of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about November 8, 2001, which, to the extent appealed from, upon findings of permanent neglect, terminated respondent father's parental rights to the subject children and transferred custody and guardianship of the children to petitioner for the purpose of adoption, unanimously affirmed, without costs.

There was clear and convincing evidence to support the finding that respondent father permanently neglected the subject children by failing to plan for their future (*see* Social Services Law § 384-b [7] [a]). Although respondent was clearly advised that the return of the children to his care and custody was contingent upon his completion of a drug rehabilitation program, respondent did not, within the statutorily relevant period, successfully complete the program in which he had enrolled and, indeed, continued to test positive for cocaine (*see Matter of Rutherford Roderick T.*, 4 AD3d 213 [2004]; *Matter of Brandon OO.*, 304 AD2d 873 [2003]). Although, subsequent to the filing of the permanent neglect petition, respondent made commendable progress in addressing several parenting-related issues, a suspended judgment would not have been warranted. His progress notwithstanding, respondent still had no realistic, feasible plan for the children's future (*see Matter of Lorenda M.*, 2 AD3d 370 [2003]). Apart from one negative drug test, there was no indication that respondent's drug problem had been successfully treated and he had no plan for the children's care, other than that they should be returned to live with him and the children's mother, who, the record discloses, has not been successfully treated for her drug addiction. The children, the oldest of whom was born in 1992, have been in foster care for nearly

their entire lives and have done well in their preadoptive placements where their needs, some of them special, have been met. Under the circumstances, it is preponderantly clear (*see Matter of Star Leslie W.,* 63 NY2d 136, 147-148 [1984]) that they will not be well served by the further prolongation of their foster status, and that their best interests lie in permitting the adoptive process to move forward. Concur—Nardelli, J.P., Tom, Ellerin and Williams, JJ.