■ In the Matter of ALICIA MONIQUE S., an Infant. OSWALD S., Appellant; LEAKE & WATTS SERVICES, INC., Respondent. [891 NYS2d 354]—

Upon conclusion of the dispositional hearing and prior to the court's 2004 order, the child was removed from her preadoptive foster home due to a founded report of excessive corporal punishment by the foster mother. Respondent has failed to meet his heavy burden of showing this evidence could not have been discovered earlier with due diligence (*see H & Y Realty Co. v*

*Baron*, 193 AD2d 429, 430 [1993]). Moreover, he failed to establish that this evidence, "if introduced at the trial, would probably have produced a different result" (CPLR 5015 [a] [2]), as the child's relationship with her then preadoptive foster family was one of six factors considered by the court in reaching its dispositional determination; there is no indication, in the record of that proceeding, of progress by respondent, who did not present any evidence at the hearing and had only sporadic visitation with the child (*cf. Matter of Christina Janian E.*, 260 AD2d 300 [1999]). Moreover, the mere absence of "a viable adoptive resource at the time of the termination" of parental rights "does not become a reason to subsequently vacate the order terminating the parental rights of the parent" (*Matter of Anthony S.*, 178 Misc 2d 1, 8 [1998]).

Given respondent's failure to make any showing of his ability to care for the child or address the court's earlier concerns, there would have been no purpose in ordering a new dispositional hearing as to the child's best interests (*see Matter of Shamia J.*, 188 AD2d 344 [1992], *lv dismissed* 81 NY2d 954 [1993]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.