■ In the Matter of SHATAVIA JEFFEYSHA J., an Infant. JEFFREY J., Appellant; LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent. [954 NYS2d 60]—

Order of disposition, Family Court, New York County (Monica Drinane, J.), entered on or about April 6, 2011, which, to the extent appealed from as limited by the briefs, upon fact-finding determinations that respondent father's consent was not required for the subject child's adoption and that, in any event, he had abandoned the child, terminated his parental rights and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent's consent to the child's adoption is not required, as he did not maintain "substantial and continuous or repeated contact" with the child (Domestic Relations Law § 111 [1] [d]). Although respondent testified that he had lived with the child and openly held himself out to be her father for two or three years preceding her placement in *foster care*, there is no evidence that he had lived with her for at least six months during the year immediately preceding her placement for *adoption*. Accordingly, respondent cannot be "deemed to have maintained substantial and continuous contact with the child" (*id.*).

In any event, even if respondent's consent is required for the adoption, clear and convincing evidence supports the Family Court's alternative determination that respondent had abandoned the child (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Harold Ali D.-E. [Rubin Louis E.]*, 94 AD3d 449, 449-450 [1st Dept 2012]). The Family Court's credibility determinations have a sound and substantial basis in the record and should not be disturbed (*see Matter of Amin Enrique M.*, 52 AD3d 316, 317 [1st Dept 2008], *lv dismissed* 12 NY3d 792 [2009]).

A preponderance of the evidence supports the Family Court's determination that the child's best interests would be served by freeing her for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). There is no indication that respondent is capable of caring for the child, and the record shows that the child is doing well with her foster mother, who wishes to adopt her (*see Matter of Chandel B.*, 58 AD3d 547, 548 [1st Dept

2009]). Concur—Friedman, J.P., Catterson, Renwick, DeGrasse and Román, JJ.