■ In the Matter of MANDJU S.K., an Infant. ALIYAH B.D., Appellant; GOOD SHEPHERD SERVICES, Respondent. [992 NYS2d 425]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Monica Drinane, J.), entered on or about April 15, 2013, which, to the extent appealed from as limited by the briefs, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence (*see* Social Services Law § 384-b [7]). The evidence shows that the agency made diligent efforts to strengthen the parental relationship by, among other things, providing the mother with referrals to drug treatment programs, repeatedly attempting to contact her, holding meetings with her to discuss how she could complete her service plan, encouraging her to complete the necessary services, and scheduling regular visitation between her and the child (*see Matter of Darryl Clayton T. [Adele L.]*, 95 AD3d 562, 562-563 [1st Dept 2012]; *Matter of Jordane John C.*, 14 AD3d 407, 407-408 [1st Dept 2005]). The evidence also shows that, during the statutorily relevant time period, the mother failed to plan for the child's return, as she never completed a drug treatment program or an anger management class, even though she was aware of those requirements, and she failed to remain drug-free (*see Matter of Destiny S. [Hilda S.]*, 79 AD3d 666, 666 [1st Dept 2010], *lv denied* 16 NY3d 709 [2011]). Moreover, the mother never produced proof to support her contention that she had received the required mental health examination.

A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interests of the child (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The child has been in a kinship foster home for over three years, since he was seven years old, and has developed a stable and positive bond with the foster mother, who has provided excellent care and wishes to adopt him (*see Matter of Harold Ali D.-E. [Rubin Louis E.]*, 94 AD3d 449, 450 [1st Dept 2012]). A suspended judgment is unwarranted, given the mother's significant delay in addressing the problems that remained unresolved at the time of disposition, including completion of a drug treatment program (*see Matter of Shaqualle Khalif W. [Denise W.]*, 96 AD3d 698, 699 [1st Dept 2012]). Given the record before it, the Family Court properly treated the child's expressed preference to return to the mother's care as nondispositive. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.