■ In the Matter of ANGELICA S. and Others, Infants. CYNTHIA C., Appellant; ABBOTT HOUSE, Respondent. [41 NYS3d 31]—

Orders of disposition (one for each subject child), Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about September 16, 2015, which, among other things, found that respondent mother had permanently neglected the subject children, terminated the mother's parental rights to the children, and transferred the custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The mother failed to preserve her contention that the petitions failed to satisfy the specificity requirements of Family Court Act § 614 (1) (c), and, in any event, the argument lacks merit (*Matter of Kevin J.*, 55 AD3d 468, 468 [1st Dept 2008], *lv denied* 11 NY3d 715 [2009]).

The finding of permanent neglect is supported by clear and convincing evidence (see Social Services Law § 384-b [7], [3] [g] [i]). The evidence shows that the agency exercised diligent efforts to encourage and strengthen the parent-child relationship by, among other things, scheduling visits between the mother and the children, providing the mother with referrals for court-ordered programs, and advising her of the importance of complying with the court's directives (see § 384-b [7] [f]; *Matter of Ebonee Annastasha F. [Crystal Arlene F.]*, 116 AD3d 576, 576-577 [1st Dept 2014], *lv denied* 23 NY3d 906 [2014]). Further, the evidence shows that agency caseworkers monitored

her progress with obtaining housing and that her case with the Department of Homeless Services was closed after she failed to attend her appointments with that agency.

Despite the agency's efforts, the mother failed to consistently visit the children during the statutorily relevant time period, which alone is sufficient to support the finding of permanent neglect (*see Matter of Evan Matthew A. [Jocelyn Yvette A.]*, 91 AD3d 538, 539 [1st Dept 2012]). In addition, during the statutorily relevant period, the mother failed to plan for the children's future, since she never completed mental health treatment, a parenting class, or a drug treatment program (*see Matter of Mandju S.K. [Aliyah B.D.]*, 120 AD3d 1133, 1133 [1st Dept 2014], *lv denied* 24 NY3d 911 [2014]).

A preponderance of the evidence supports the finding that termination of the mother's parental rights is in the children's best interest (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]), since the mother failed to ameliorate the conditions that led to the children's removal from her care (*see Matter of La'Asia Lanae S.*, 23 AD3d 271 [1st Dept 2005]). A suspended judgment is not warranted, even though the mother belatedly attempted to comply with her service plan. At the time of the dispositional hearing, the mother had no realistic, feasible plan for the children's care and there was no indication that she was successfully treating her drug addiction (*see Matter of Antoine M.*, 7 AD3d 399, 399 [1st Dept 2004]).

Family Court providently exercised its discretion in not, sua sponte, ordering a forensic evaluation of the mother and the children (*see* Family Ct Act § 251 [a]). The record does not indicate that such evaluations were necessary for the court to determine the appropriate disposition.

We have considered the mother's remaining contentions and find them unavailing. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.