■ In the Matter of the Guardianship of DANTE ALEXANDER W., an Infant. NORMAN W., Appellant; LEAKE & WATTS SERVICES, INC., et al., Respondent. [48 NYS3d 668]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Peter J. Passidomo, J), entered on or about August 4, 2015, which, after a hearing, determined that respondent father abandoned and permanently neglected the subject child, and terminated his parental rights and committed custody and guardianship of the child to petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

The agency established by clear and convincing evidence that respondent abandoned the child by failing to communicate with the child or the agency during the six-month period immediately preceding the filing of the petition (*see Matter of Harold Ali D.-E. [Rubin Louis E.]*, 94 AD3d 449, 449-450 [1st Dept 2012]). The Family Court's credibility determinations should not be disturbed as they have a sound and substantial basis in the record (*see Matter of Shatavia Jeffeysha J. [Jeffrey J.]*, 100 AD3d 501 [1st Dept 2012]).

The finding that respondent permanently neglected the child is supported by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]) that the agency made diligent efforts to foster

respondent's relationship with the child by, among other things, referring him for alcohol abuse treatment, anger management and parenting skills for special needs children, to address the conditions that led to the child's removal (*see* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Gina Rachel L.*, 44 AD3d 367 [1st Dept 2007]). However, respondent was uncooperative. He failed to maintain contact with the agency, and avoided the agency's attempts to contact him and engage him in services. He also refused referrals for required services and continued to deny the conditions that led to the child's removal, and failed to gain insight into the reasons for the child's placement into foster care (*see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]), including excessive corporal punishment and alcohol abuse.

We decline to address respondent's arguments regarding disposition as they are improperly raised for the first time on appeal and are unpreserved (*see Matter of Ana M.G. [Rosealba H.]*, 74 AD3d 419 [1st Dept 2010]). In any event, such arguments are unavailing. The finding that termination of respondent's parental rights was in the child's best interest is supported by a preponderance of the evidence, which shows that the now 16-year-old child was placed into foster care in 2010, and has remained in the same pre-adoptive foster home since that time and wishes to be adopted by his foster mother (*see Matter of Christina Jeanette C.*, 168 AD3d 351 [1st Dept 1990]). The child has no relationship with respondent, who has taken no steps to plan for the child's return to his care (*Matter of Alexandria D. [Brenda D.]*, 136 AD3d 604 [1st Dept 2016]). Respondent has failed to show that a suspended judgment was warranted (*Matter of David J.*, 260 AD2d 279 [1st Dept 1999]) as there was no evidence that any additional delay would result in any different result. Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.