Matter of Angelica D. (Deborah D.) (2018 NY Slip Op 00383)





Matter of Angelica D. (Deborah D.)


2018 NY Slip Op 00383


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5496

[*1]In re Angelica D., and Another, Dependent Children Under the Age of Eighteen Years, etc., Deborah D., Respondent-Appellant, Sheltering Arms Children & Family Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Dawn M. Shammas, New York, for respondent.
Seymour W. James, Jr., The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for children.



Orders of fact-finding and disposition (one paper each), Family Court, New York County (Emily M. Olshansky, J.), entered on or about December 1, 2016, which, after a hearing, determined that respondent mother had permanently neglected the subject children, terminated her parental rights, and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the mother failed to plan for the children's future (see Social Services Law § 384-b[7][a]). The agency made diligent efforts by, among other things, referring the mother for a mental health evaluation, parenting skills and anger management classes, and by scheduling and facilitating visitation with the children (see Social Services Law § 384-b[7][f]; see also Matter of Marissa Tiffany C-W. [Faith W.], 125 AD3d 512, 512 [1st Dept 2015]). Throughout this period, however, the mother repeatedly rejected the agency's efforts. She insisted that she did not need services and accused the agency of wrongfully taking the children away. She also refused to provide her home address, and the agency was unable to conduct an essential home visit.
The mother's refusal to participate in services and take steps to correct the conditions that led to the removal of the children from their home clearly amounts to a failure to plan for the children's future (see Matter of Cerenithy B. [Ecksthine B.], 149 AD3d 637, 638 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]; Matter of Dante Alexander W. [Norman W.], 148 AD3d 492, 493 [1st Dept 2017]). She also failed to visit the children consistently, attending less than half of the permitted visits, which in itself constituted a ground for the finding of permanent neglect (Matter of Angelica S. [Cynthia C.], 144 AD3d 484, 485 [1st Dept 2016], lv denied 28 NY3d 1128 [2017]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interests of the children (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). A suspended judgment is not appropriate, given the mother's lack of insight into her behavior and the special needs of the children, and given the fact that the children's needs are being met in their foster home, where they have resided since August 2013 [*2]and where they are well-bonded with the foster parents, who wish to adopt them (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011], lv denied 18 NY3d 805 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK