Matter of Karina A.G. (Jose G.) (2018 NY Slip Op 02748)





Matter of Karina A.G. (Jose G.)


2018 NY Slip Op 02748


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


6349

[*1]In re Karina A.G., A Dependent Child Under the Age of Eighteen Years, etc., Jose G., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Dawne A. Mitchell, Jr., The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, Bronx County (Valerie Pels, J.), entered on or about May 12, 2017, to the extent it found that respondent father permanently neglected the subject child, unanimously affirmed, without costs.
The record supports the court's finding that, despite the agency's diligent efforts to encourage and strengthen the parental relationship, respondent failed to plan for the child's future (see Social Services Law § 384-b[7][a]; Matter of Sheila G., 61 NY2d 368 [1984]). The agency referred respondent for drug treatment, parenting skills, and anger management classes, and scheduled and facilitated visitation with the child (see id. § 384-b[7][f]; see e.g. Matter of Nekia C. [Kevin E.C.-Laurel S.McC.], 155 AD3d 431 [1st Dept 2017]; Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725 [1st Dept 2017]). However, throughout this period, respondent repeatedly rejected the agency's efforts (see Matter of Dante Alexander W. [Norman W.], 148 AD3d 492, 493 [1st Dept 2017]). He resisted the agency's attempts to contact him. He declined the agency's referrals. Although he found his own program, he refused to provide the agency with authorizations to obtain information or monitor his progress; he failed to provide any information about the services the program offered, the services he was participating in, or his level of compliance with the program.
The record shows further that respondent lacked insight into and failed to take responsibility for his actions, which resulted in the child's removal (see Matter of Nephra P. [John Lee P.], 149 AD3d 642, 643 [1st Dept 2017]; Matter of Yasmine F. [Junior F.], 145 AD3d 455 [1st Dept 2016], lv denied 29 NY3d 973 [2017]). Respondent repeatedly blamed the agency and the foster mother for sabotaging him and brainwashing the child to say that she did [*2]not want to visit or communicate with him. When the child did visit him, he behaved in an intimidating manner toward her, and showed no empathy for her or understanding of her feelings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK