Matter of Tyriek J. (Tamika J.) (2018 NY Slip Op 03361)





Matter of Tyriek J. (Tamika J.)


2018 NY Slip Op 03361


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-06807
 (Docket No. N-6848-17)

[*1]In the Matter of Tyriek J. (Anonymous). Suffolk County Department of Social Services, respondent; 
and
Tamika J. (Anonymous), appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Mara E. Cella of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated May 7, 2017. The order directed the mother to submit to a psychological examination prior to a fact-finding hearing.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements.
In 2017, the Suffolk County Department of Social Services (hereinafter the petitioner) filed a neglect petition against the mother, alleging, among other things, that she failed to "work cooperatively with the appropriate agencies" to ensure that the subject child, whom the mother reported to have been sexually abused, "would receive appropriate counseling and services." The petitioner also alleged that the mother failed "to take any action to ensure that [the child] was being adequately and appropriately cared for by his father," who was alleged to be abusive toward the child. The mother consented to the temporary removal of the child. Thereafter, prior to a fact-finding hearing, the petitioner requested that the mother be directed to submit to a psychological examination. In an order dated May 7, 2017, the Family Court directed the mother to submit to a psychological examination prior to a fact-finding hearing. The mother appeals.
The determination whether to direct a psychological examination is within the sound discretion of the Family Court (see Family Ct Act § 251; Matter of Angelica S. [Cynthia C.], 144 AD3d 484, 485). Under the circumstances of this case, it was an improvident exercise of discretion for the Family Court to direct the mother to submit to a psychological examination prior to a fact-finding hearing. The record is devoid of any indication that the mother may suffer from a mental illness. Nor did the petition contain any allegations which placed the mother's mental health at issue (see Matter of Sassower-Berlin v Berlin, 31 AD3d 771; Matter of Thompson v Thomson, 267 AD2d 516, 519).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court