Matter of Michael A.M. (Michael M.) (2020 NY Slip Op 00044)





Matter of Michael A.M. (Michael M.)


2020 NY Slip Op 00044


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10686

[*1] In re Michael A.M., etc., A Dependent Child Under the Age of Eighteen Years, etc., Michael M., Respondent-Appellant, MercyFirst, Petitioner-Respondent, Administration for Children's Services, Respondent.


John R. Eyerman, New York, for appellant.
Warren & Warren PC, Brooklyn, (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about May 3, 2018, which, after a hearing, determined that respondent father's consent was not required for his child's adoption and, in the alternative, that he permanently neglected the child, and terminated his parental rights, and transferred custody and guardianship jointly to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Family Court's finding of permanent neglect is supported by clear and convincing evidence that, despite the agency's diligent efforts to encourage and strengthen the parental relationship, the father failed to plan for the child's future (see Social Services Law § 384-b[7][a]). Throughout the relevant time period, respondent refused to provide the agency with his contact information (see Matter of Harold Ali D.-E.[Rubin Louis E.], 94 AD3d 449, 450 [1st Dept 2012]), and failed to visit the child consistently, attending few of the permitted scheduled visits (see Matter of Angelica S.[Cynthia C.], 144 AD3d 484, 485 [1st Dept 2016], lv denied 28 NY3d 1128 [2017]).
A preponderance of the evidence supports the determination that termination of respondent's parental rights is in the best interests of the child in order to permit adoption by the child's long-term foster mother (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; see Matter of Cameron W.[Lakeisha E.W.], 139 AD3d 494, 494-495 [1st Dept 2016]; Matter of Autumn P.[Alisa R.], 129 AD3d 519 [1st Dept 2015]).
Under the circumstance, here we need not address family court's initial determination that the father was a notice only
father. We perceive no error in the court's ruling on alternative grounds.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK