Matter of F.S.W. v A.F.M. (2026 NY Slip Op 00867)

Matter of F.S.W. v A.F.M.

2026 NY Slip Op 00867

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Docket No. B-08198/22|Appeal No. 5817|Case No. 2025-01228|

[*1]In the Matter of F.S.W., A Dependent Child Under the Age of Eighteen Years, Lutheran Social Services of NY, Petitioner-Respondent,
vA.F.M., Respondent-Appellant.

Richard Cardinale, Brooklyn, for appellant.
The Law Offices of James Cortazzo, P.C., Mineola (Dwight A. Kennedy of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Appeal from order of fact-finding and disposition (one paper), Family Court, New York County (Grace Oboma-Layat, J.), entered on or about February 20, 2025, which, upon a fact-finding determination that respondent mother had permanently neglected the subject child pursuant to Social Services Law § 384-b, terminated her parental rights as to the child and transferred custody and guardianship to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed as to the fact-finding determination, and the appeal therefrom otherwise dismissed, without costs.
As to the fact-finding portion of the order, the finding that the mother permanently neglected the child is supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]). The evidence shows that the agency demonstrated that it made diligent efforts to encourage and strengthen the parental relationship by, among other things, scheduling regular visitation, developing a plan for appropriate services for the mother, referring her for domestic violence counseling, mental health counseling, substance abuse treatment, a psychiatric evaluation, providing her with information about an online parenting program, regularly meeting with her to discuss her progress with her service plan, and assisting her to obtain an emergency housing voucher (see Social Services Law § 384-b [7] [a], [c], [f]; Matter of Nelson M.L. [Nilsa L.], 195 AD3d 504, 505 [1st Dept 2021]; Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017] ]; cf. Matter of K.Y.Z. [W.Z.], — NY3d —, 2025 NY Slip Op 05781, *1 [2025]).
The record also shows that, despite the agency's diligent efforts, the mother failed to comply with the agency's referrals for services, complete necessary programs, and gain insight into the reasons for the child's placement into foster care within the statutorily relevant period (see Social Services Law § 384-b[7][a], [b]; see Matter of Tiara J. [Anthony Lamont A.], 118 AD3d 545, 546 [1st Dept 2014]). The mother also failed to visit the child consistently, which alone supports the finding of permanent neglect (see Matter of Angelica S. [Cynthia C.], 144 AD3d 484, 485 [1st Dept 2016], lv denied 28 NY3d 1128 [2017]).
The mother failed to preserve her claim that the agency's progress notes were inadmissible without an adequate testimonial foundation and did not prove a prima facie case of permanent neglect against her, and we decline to review it in the interest of justice (see Matter of Isaiah R., 35 AD3d 249, 249 [1st Dept 2006]).
To the extent Family Court did not allow the mother to cross-examine the foster father about his possible prejudice and motive to lie, such line of questioning would not have been a basis for the court to alter its determination given the clear and convincing evidence supporting the finding that the mother permanently neglected the child.
The mother's contention that the attorney for the child improperly substituted her judgment for the child's wishes is not preserved for our review because she failed to make a motion to remove the attorney for the child (see Matter of Muriel v Muriel, 179 AD3d 1529, 1530 [4th Dept 2020], lv denied 35 NY3d [2020]).
Finally, no appeal lies from the dispositional portion of the order of fact-finding and disposition because the mother defaulted at the dispositional hearing (see Matter of Arianna-Samantha Lady Melissa S. [Carissa S.], 134 AD3d 582, 582-583 [1st Dept 2015], lv dismissed 27 NY3d 952 [2016]).
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026