■ In the Matter of MENTORA MONIQUE B. and Others, Infants. BENITA B., Appellant; CONCORD FAMILY SERVICES et al., Respondents. [843 NYS2d 284]—

Orders of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about January 13, February 23 and April 4, 2005, which terminated respondent mother's parental rights to the subject children and committed their custody and guardianship to petitioner agencies and the Commissioner of the Department of Social Services for purposes of adoption, unanimously modified, on the law and the facts, the dispositions as to Ebony M. and Imani B. vacated in their entirety, the disposition as to Mentora Monique B. vacated only with respect to her placement, the matter remanded for reopened dispositional hearings with respect to all three children, and otherwise affirmed, without costs.

The evidence at the fact-finding hearing established, by clear and convincing evidence, that petitioners exerted diligent efforts to encourage and strengthen the parental relationship, but that respondent nonetheless failed to visit the children regularly or plan for their future within the meaning of Social Services Law § 384-b (7) (a).

The agencies involved in this case (including another agency with custody of two more of respondent's children, not at issue on this appeal) maintained contact with one another and coordinated their efforts to strengthen the parental relationship between respondent and the children. Concord regularly scheduled biweekly visitation between respondent and the children, except for Mentora, who refused to see her mother.

Nevertheless, respondent failed either to visit the children consistently or to plan for their return. She missed 75% of her scheduled visits with them. Despite a finding of severe sexual abuse committed by an invitee of respondent's then paramour, she continued to deny responsibility. She refused to accept any referrals for the first 7 to 12 months after the children's placement, and thereafter failed to appear for two scheduled mental health examinations at Bellevue Hospital. It is clear from the record that respondent failed to comply with what she termed "two perfunctory referrals" because of her refusal to acknowledge the problems that led to the children's placement. She did not submit to a mental health evaluation until August 2003, almost two years after their placement. After learning that respondent admitted, during such examination, having previously abused alcohol, Concord referred her to an Alcoholics Anonymous program. She failed to attend this program despite being informed that such failure could result in termination of her parental rights. She also failed to inform the agency of her history of PCP abuse dating back to age 13, and her continued use until as recently as August 2004.

Respondent's argument that Community Counseling and Mediation failed to exercise diligent efforts is unavailing. That agency was not required to duplicate the efforts of Concord, which had case-planning responsibility (see Matter of Joshua J., 196 AD2d 719 [1993]).

However, changed circumstances warrant remand for a reopened dispositional hearing with respect to all three children. According to petitioners and the law guardian, during the pendency of these proceedings, the foster mother of Ebony and Imani passed away, and these children are currently residing in the nonkinship foster home of family friends. These children (currently 13 and 14) are uncertain as to whether they wish to

be adopted, and the foster parents are uncertain as to whether they wish to adopt them.

Similarly, Mentora has since been removed from the home of her preadoptive foster mother and has had two children of her own, who are also in foster care. Mentora is currently residing in a mother-child group home. The agency plan is for her to be placed with a previous foster parent with whom Mentora has maintained contact, and with whom she has expressed a desire to be placed. Although we affirm the termination of respondent's parental rights as to Mentora, no evidence was adduced at the hearing regarding the fitness of this individual as a foster parent, so the matter must be remanded for a new dispositional hearing as to Mentora as well, on this limited issue of her placement. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.