■ In the Matter of ROBERT CALVIN R., JR., a Child Alleged to be Permanently Neglected. ROBERT R., Appellant; ABBOTT HOUSE, Respondent. [873 NYS2d 297]—

Order of disposition, Family Court, Bronx County (Douglas E.

Hoffman, J.), entered on or about September 7, 2007, which, revoking a suspended judgment, terminated respondent's parental rights and committed the child's custody to petitioner and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The court's finding of permanent neglect was supported by clear and convincing evidence of respondent's failure to plan for the child's future, notwithstanding the petitioning agency's diligent efforts (Social Services Law § 384-b [7] [f]; *see Matter of Lady Justice I.*, 50 AD3d 425 [2008]; *Matter of Gina Rachel L.*, 44 AD3d 367 [2007]). Those efforts included arranging for counseling while respondent was in prison, communicating with his parole officer to ascertain the programs and services offered through parole and requesting additional services consistent with the Family Court's directives, communicating with respondent's drug program, obtaining drug testing results, scheduling biweekly visitation, meeting and communicating with respondent, and discussing his service plan with him. Petitioner was not required to duplicate the parole officer's efforts in addressing respondent's drug and alcohol problem (*see Matter of Mentora Monique B.*, 44 AD3d 445, 446 [2007]).

Respondent's failure to complete a drug program and attend required meetings supported a finding of permanent neglect (*Matter of Dade Wynn F.*, 291 AD2d 218 [2002], *lv denied* 98 NY2d 604 [2002]). The suspended judgment, having already been extended six months, was properly revoked where respondent admittedly failed to comply with its terms (*see Matter of Eric Jule C.*, 39 AD3d 346 [2007]; *Matter of Bykya Minnie E.*, 212 AD2d 365 [1995], *lv denied* 85 NY2d 964 [1995]). Respondent had neither seen nor contacted the child for seven months prior to the dispositional hearing, had not contacted the agency during that period, and failed to obtain appropriate housing. Under these circumstances, it was in the child's best interests (Family Ct Act § 631) to transfer his custody and guardianship to the agency and free him for adoption by his foster parents, with whom he had been living for years (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.