■ In the Matter of CAROL ANNE MARIE L. and Another, Children Alleged to be Permanently Neglected. MELISSA L., Appel-

lant. In the Matter of MATTHEW RAYMOND L., a Child Alleged to be Permanently Neglected. GERALDO P., Appellant; SAINT DOMINIC's HOME et al., Respondents. [903 NYS2d 383]—

Orders, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about June 1, 2009, which, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children, and respondent father's parental rights to the child Matthew L., and committed the custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding that respondent father permanently neglected Matthew was supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]); respondent is not the father of the child Carol L. The record demonstrates that the agency made diligent efforts to encourage and strengthen the parental relationship including providing the father with referrals to programs for drug rehabilitation and parenting skills and scheduling regular visitation. Despite these efforts, the father did not complete a drug treatment program and failed to remain drug free (see Matter of Tiffany R., 7 AD3d 297 [2004]). He also missed approximately one quarter of his scheduled visits with Matthew (see Matter of Angel P., 44 AD3d 448 [2007]). Although the father insists that he has taken steps to address his substance abuse problem, such efforts, by themselves, are not sufficient to defeat a finding of permanent neglect (see Matter of Shane Anthony P., 307 AD2d 297 [2003], lv denied 100 NY2d 513 [2003]).

The finding that the mother permanently neglected the children was likewise supported by clear and convincing evidence. The agency referred her to drug rehabilitation, anger management and parenting skills programs, all of which she failed to complete. Nor did she visit the children on a sustained and regular basis.

A preponderance of the evidence supports the determination that the termination of respondents' parental rights to facilitate the adoptive process was in the best interests of the children. The children have lived with their foster mother since their placement and have developed a loving relationship with her; she has tended to their special needs and wants to adopt them. The circumstances presented do not warrant a suspended judgment (see Matter of Maryline A., 22 AD3d 227 [2005]). Concur—Tom, J.P., Mazzarelli, Sweeny, Freedman and Abdus-Salaam, JJ.