■ In the Matter of SKYLER S.M., a Child Alleged to be Permanently Neglected. S. LaToya J., Appellant. THE CHILDREN'S AID SOCIETY, Respondent. [923 NYS2d 52]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about April 8, 2009, which, upon a fact-finding determination of permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, with respect to the disposition, and the appeal therefrom otherwise dismissed, without costs.

No appeal lies from the fact-finding part of the order, as it was entered upon the mother's default (*see* CPLR 5511; *Matter of Elijah Jose S. [Jose Angel S.]*, 79 AD3d 533, 533 [2010]). We reject the mother's contention that counsel was ineffective for failing to move to vacate her default. The mother provides no explanation as to why she was unable to appear on the day of the fact-finding hearing, or why she did not notify the court or her counsel that she was unable to appear (*see Matter of Nikeerah S. [Barbara S.]*, 69 AD3d 421, 422 [2010]).

In any event the finding of permanent neglect was supported by clear and convincing evidence of the mother's failure to plan for the child's future, notwithstanding the agency's diligent efforts (*see* Social Services Law § 384-b [7] [a], [f]). The mother admittedly tested positive for cocaine, failed to complete drug treatment and anger management programs, and did not obtain suitable housing.

A preponderance of the evidence established that termination of the mother's parental rights to facilitate adoption was in the child's best interests (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The foster mother, with whom the child has lived since placement, wishes to adopt the child and has attended to the child's medical and psychological needs (*see Matter of Carol Anne Marie L. [Melissa L.]*, 74 AD3d 643, 644 [2010]). Since the child's placement, the mother has tested positive for drugs and has refused to address the problems that led to placement. Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.