■ In the Matter of JULIANNA VICTORIA S. and Another, Children Alleged to be Permanently Neglected. BENNY WILLIAM W. et al., Appellants; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent, et al., Respondents. [934 NYS2d 91]—

Clear and convincing evidence support the finding that the father permanently neglected Julianna (Social Services Law § 384-b [7] [a], [f]; [3] [g] [i]). The record shows that the agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, referring the father to anger management, domestic violence, and parenting skills classes, and by scheduling regular visits with the child (*see Matter of Lady Justice I.*, 50 AD3d 425, 426 [2008]). Despite these efforts, the father failed to consistently visit the child and engage in the required services during the statutorily relevant time period (*see id.*). To the extent the father attended therapy sessions, there is no evidence that he gained insight or otherwise benefitted from them (*see Matter of Alexander B. [Myra R.]*, 70 AD3d 524, 525 [2010], *lv denied* 14 NY3d 713 [2010]).

A preponderance of the evidence supports the finding that termination of the father's parental rights is in the best interest of Julianna (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The father failed to preserve his claim that a suspended judgment is warranted (*see Matter of Omar Saheem Ali J. [Matthew J.]*, 80 AD3d 463 [2011]). In any event, that disposition is not appropriate, given that the father's situation has not improved and that Julianna is thriving in the foster home where she lives with her sister and where her special needs are being met (*id.*).

The weight of the evidence supports the finding that it is in the children's best interests to dismiss the great-aunt's custody petitions (*see Matter of Tiffany Malika B.*, 215 AD2d 200, 201 [1995], *lv denied* 86 NY2d 707 [1995]). The record shows that the children are thriving in the foster home where they have lived for most of their lives. By contrast, the children have had little, if any, relationship with the great-aunt, whom they have seen infrequently.

We have considered appellants' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.