■ In the Matter of AZMARA N.G., Appellant, v JESSE STEPHANIE S., Respondent, and ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [939 NYS2d 417]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about March 31, 2011, which dismissed the maternal great-aunt's petition for custody of the subject children, unanimously affirmed, without costs.

The evidence demonstrated that dismissal of the great-aunt's petition for custody in favor of freeing the subject children to be adopted by their foster parents is in the best interests of the children (*see Matter of Alpacheta C.*, 41 AD3d 285 [2007], *lv denied* 9 NY3d 812 [2007]). Members of the extended biological family do not have a preemptive statutory or constitutional right to custody in place of non-relatives (*id.*; *see Matter of Peter L.*, 59 NY2d 513, 516 [1983]). The subject children have lived with the foster parents for the majority of their lives and the foster parents, who wish to adopt them, have provided a loving, stable home and they are attendant to the children's special needs, which include extensive medical care.

In contrast, petitioner plans to continue to live with the biological father, whose parental rights were terminated due to his failure to comply with the agency's referrals for mental health services and who has a history of violent conduct. In addition, petitioner, who has a limited relationship with the children, failed to articulate an appropriate plan for their future, which failure included an inability to provide adequate housing and to address the children's special needs. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.