■ In the Matter of JULES S. and Another, Infants. JULIO S., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [945 NYS2d 319]—

Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about June 28, 2011, which, after a hearing,

determined that the consent of respondent father was not required for the placement of his daughter for adoption and, in the alternative, determined that he permanently neglected the child and terminated his parental rights, and transferred custody and guardianship of the child to petitioner agency for the purpose of adoption, unanimously affirmed, without costs. Order (same court and Judge), entered on or about June 28, 2011, which, after a hearing, determined that although respondent's consent was required for the placement of his son for adoption, he permanently neglected the child, and terminated his parental rights, and transferred custody and guardianship of the child to petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

The court properly determined that respondent's consent for the adoption of his daughter was not required since the child was born out of wedlock and he failed to pay an appropriate sum towards her support (Domestic Relations Law § 111; *Matter of Maxamillian*, 6 AD3d 349 [2004]). As the court further found, in the alternative, clear and convincing evidence established that respondent permanently neglected his daughter, as well as his son, for whom his consent was required, since the agency made diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]), but respondent failed to plan for their future by, inter alia, failing to remain drug free and complete his service plan (*see Matter of Robert Calvin R.*, 59 AD3d 265, 266 [2009]).

Respondent's request for a suspended judgment is improperly raised for the first time on appeal (*see Matter of Matthew Niko M. [Niko M.]*, 85 AD3d 544 [2011]), and, in any event, is not warranted since the children have been in foster care for several years during which time respondent never completed any of the requirements of his service plan and was, in fact, incarcerated, demonstrating his failure to plan for their future.

We have considered respondent's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Román, JJ.