Orders of disposition, Family Court, Bronx County (Sarah E Cooper, J.), entered on or about August 14, 2012, which, upon fact-finding determinations that the mother violated the terms of the suspended judgments, terminated her parental rights to the subject children, and transferred custody and guardianship of them to petitioner Children’s Aid Society (the agency) and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, with respect to the fact-finding determinations, and the appeals therefrom otherwise dismissed, without costs.
No appeal lies from the orders of disposition, as they were *563 entered upon the mother’s default (see CPLR 5511; Matter of Skyler S.M. [S. LaToya J.], 83 AD3d 549 [1st Dept 2011]).
A preponderance of the evidence supports Family Court’s finding that the mother violated the terms of the suspended judgments (see Matter of Christian Anthony Y.T. [Donna Marie T.], 78 AD3d 410 [1st Dept 2010]). Notwithstanding the mother’s efforts to comply with some of the terms of the suspended judgments, the credible evidence adduced at the hearing established, inter alia, that she missed some of the planning conferences, and her apartment was not maintained in a suitable manner due to mold and gnat infestation. Although the mother was required to remain drug and alcohol free, she relapsed in January 2011, approximately six months after the suspended judgment period had begun. She also failed to obtain clearance for her live-in paramour because it might “hurt her case,” or for other friends that she allowed to live in her apartment.
It is not necessary for a parent to violate all of the terms of a suspended judgment for a violation to be found (see Matter of Gianna W. [Jessica S.], 96 AD3d 545 [1st Dept 2012] [finding that the failure to secure suitable housing was a material violation and constituted grounds for revocation]). Concur — Andrias, J.P., Friedman, Acosta, DeGrasse and Freedman, JJ.