■ In the Matter of AZMARA N.G., Appellant, v JESSICA STEPHANIE S. et al., Respondents, and ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [973 NYS2d 215]—

Order, Family Court, Bronx County (Fernando H. Silva, J.), entered on or about November 9, 2012, which denied petitioner's motion to vacate an order, same court and Judge, entered on or about September 19, 2012, on default, dismissing her petition for custody of the subject children, unanimously affirmed, without costs. Appeal from order entered on or about September

19, 2012, unanimously dismissed, without costs, as taken from a nonappealable paper.

Petitioner presented a reasonable excuse for her failure to appear at the September 19, 2012 hearing; she explained that she had attempted to contact her attorney to inform him that she could not appear in court to testify because she had had oral surgery the day before, but she could not reach him. Indeed, the record shows that petitioner's counsel apprised the court on the morning of the court date of his own inability to appear due to a family emergency. Petitioner stated further that she went to the courthouse later, intending to show the court a letter from her dentist's office, but she arrived too late (*see Matter of Calvin S.*, 47 AD3d 491 [1st Dept 2008]). Petitioner did not, however, establish a meritorious claim; she failed to show that granting her custody would be in the children's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The evidence shows that the children need special medical care and that the pre-adoptive foster family, with whom they have been living for most of their lives, has been providing that care and meeting all their needs (*see Matter of Julianna Victoria S. [Benny William W.]*, 89 AD3d 490 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]). In contrast, petitioner has not shown that she has a real plan for providing for the children's medical and other needs if granted custody. Moreover, she is living with the father of the children's half-siblings, whose parental rights to those children have been terminated and who has mental health and anger management problems (*see Matter of Azmara N.G. v Jesse Stephanie S.*, 93 AD3d 404 [1st Dept 2012], *lv denied* 19 NY3d 803 [2012]).

No appeal lies from an order entered on default (*see Matter of Lisa Marie Ann L. [Melissa L.]*, 91 AD3d 524 [1st Dept 2012]). Concur—Friedman, J.P., Sweeny, Acosta and Manzanet-Daniels, JJ.