Orders of fact-finding and disposition, Family Court, New York County (Clark V Richardson, J.), entered on or about August 24, 2012, which, after a fact-finding determination that respondent mother had permanently neglected the subject children, terminated her parental rights and committed the custody and guardianship of the children to petitioner agency and the Commissioner of the Department of Social Services for the purpose of adoption, unanimously modified, on the law and the facts, the disposition as to Brandon Michael R. vacated in its entirety, the disposition as to Christopher V vacated only with respect to his placement, the matter remanded for reopened dispositional hearings with respect to both children, and otherwise affirmed, without costs.
There was clear and convincing evidence that the agency exerted diligent efforts to reunite the mother and the children by establishing a service plan, referring her for parenting skills and anger management programs, scheduling visitation, attempting to assist her to obtain suitable housing, and referring her for mental health therapy (see Social Services Law § 384-b [7] [a], [f]). Despite these efforts, the mother failed to complete the programs, was inconsistent with visitation, did not obtain suitable housing, and failed to demonstrate that she was in counseling (see Matter of Racquel Olivia M., 37 AD3d 279, 280 [1st Dept 2007], lv denied 8 NY3d 812 [2007]). Accordingly, the court properly determined that the mother had permanently neglected the children.
However, the children’s circumstances have changed substantially since the dispositional hearings, as they are both in new foster homes. Brandon, who is 15 years old, has been in the new foster home since November 2013, does not want to be adopted, and requests that the agency resume diligent efforts to reunite him with the mother. Christopher has been in a pre-adoptive foster home since August 2013, wants to be adopted, and the *621 foster parent wants to adopt him. New dispositional hearings are required to determine the fitness of the foster parents and the foster homes, and whether it is in Brandon’s best interests to terminate the mother’s parental rights as to him, given his refusal to consent to adoption (see Domestic Relations Law § 111 [1]; Matter of Kathleen Shaquana G. [Stephen G.], 82 AD3d 610, 611 [1st Dept 2011]; Matter of Mentora Monique B., 44 AD3d 445, 447 [1st Dept 2007]). Concur — Sweeny, J.E, Acosta, Saxe, Manzanet-Daniels and Clark, JJ.