■ In the Matter of LEROY SIMPSON M. and Others, Infants. JOANNE M., Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [996 NYS2d 271]—

Orders of disposition, Family Court, Bronx County (Marcelle Z. Brandes, J.), entered on or about May 22, 2013, which, upon a fact-finding determination of permanent neglect, terminated respondent mother's parental rights to the subject children and transferred custody and guardianship of the children to petitioner Jewish Child Care Association of New York and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that respondent failed during the relevant time period to plan for the future of the children, despite petitioner's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]). The children came into care after they and their older siblings left the home to stay with relatives, disclosing that there was domestic violence in the home committed by the father of one of the children and that they feared for their safety. A finding of neglect was entered against respondent, based on findings that she used excessive corporal punishment against the children and failed to protect them from excessive corporal punishment inflicted by the father and from witnessing physical violence inflicted against her. Although respondent substantially completed the services required by her service plan, she failed over the following eight years to acknowledge the issues that caused her children to flee her home in fear, or to gain insight into her parenting problems, and thus failed to adequately plan for the children's return (*see Matter of Angelina Jessie Pierre L. [Anne Elizabeth Pierre L.]*, 114 AD3d 471, 471 [1st Dept 2014], *lv denied* 23 NY3d 901 [2014]).

The fact that respondent consistently attended supervised visitation with the children does not preclude a finding of permanent neglect, because the record shows that she failed to plan for the children's future by taking effective steps to correct the conditions leading to their removal or to advance a realistic,

feasible plan for their care (*see Matter of Nathaniel T.*, 67 NY2d 838, 841-842 [1986]; *Matter of Jonathan Jose T.*, 44 AD3d 508, 509 [1st Dept 2007]).

A preponderance of the evidence demonstrates that it was in the best interests of the children to be freed for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Mark Eric R. [Juelle Virginia G.]*, 80 AD3d 518 [1st Dept 2011]). Contrary to respondent's contention, a suspended judgment was not warranted here, because Daquan and Leroy had lived with the foster mother for most of their lives, she is equipped to handle their special needs, and they are improving in her care (*see Matter of Emily Jane Star R. [Evelyn R.]*, 117 AD3d 646, 647-648 [1st Dept 2014]; *Matter of Carol Anne Marie L. [Melissa L.]*, 74 AD3d 643, 644 [1st Dept 2010]).

Although Joshua's placement was unclear at the time of the dispositional hearing, the Family Court was not required to award respondent a suspended judgment as to that child because the record demonstrates that she has made no progress in attaining the ability to care for him (*see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.]*, 100 AD3d 559, 560 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]). Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.