In the Matter of CAMERON W. and Others, Children Alleged to be Neglected. LAKEISHA E.W., Appellants; SCO FAMILY OF SERVICES, Respondent. [29 NYS3d 806]—

Orders of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about July 25, 2013, which, upon fact-finding determinations that respondent permanently neglected the four subject children, terminated her parental rights as to the children and transferred custody and guardianship of the children to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Family Court's determination that respondent permanently neglected the subject children is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]; [3] [g] [i]). Petitioner agency engaged in diligent efforts to encourage and strengthen respondent's relationship with the children by referring her to domestic violence counseling, mental health services, and parenting classes, and by scheduling regular visitation (see Matter of Adam Mike M. [Jeffrey M.], 104 AD3d 572 [1st Dept 2013]). Despite these diligent efforts, respondent continued to deny responsibility for the conditions necessitating the children's removal from her in the first place, failed to complete or to benefit from the parenting skills programs offered to her, and failed to demonstrate that she had adequate parenting skills to meet the children's needs (see id.; see also Matter of Samantha C., 305 AD2d 167 [1st Dept 2003]). She acted disruptively and violently during scheduled visitation, failed to visit the children consistently, and failed to appreciate why the children had been placed in foster care (Matter of Ebonee Annastasha F. [Crystal Arlene F.], 116 AD3d 576 [1st Dept 2014], lv denied 23 NY3d 906 [2014]).

A preponderance of the evidence supports the court's determination that termination of respondent's parental rights

was in the best interests of the children, who have been in a stable foster home for a large portion of their lives and do not wish to be removed from that home; all their basic needs are being met there, and the foster mother wishes to adopt them (*see Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]). Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.