■ In the Matter of ZAYA FAITH TAMAREZ Z., an Infant. MADELYN ENID T. et al., Appellants; CHILDREN'S AID SOCIETY, Respondent. [43 NYS3d 34]—

Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about March 9, 2015, which, upon findings of permanent neglect, terminated respondents' parental rights to the subject child and committed custody and guardianship of

the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The determination that the child was permanently neglected by her biological parents is supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]). The agency engaged in diligent efforts to encourage and strengthen respondents' relationship with the child by developing an individualized plan tailored to fit their respective situations and needs, including multiple referrals for domestic violence counseling, parenting skills, individual counseling, visitation and random drug testing (see e.g. Matter of Adam Mike M. [Jeffrey M.], 104 AD3d 572, 573 [1st Dept 2013]). Despite these diligent efforts, the parties failed to attend or benefit from the services offered, and continued to deny responsibility for the conditions that led to the child's removal (see id.; Matter of Irene C. [Reina M.], 68 AD3d 416 [1st Dept 2009]).

The mother's argument that she was afforded ineffective assistance of counsel because counsel failed to object to questions that were leading and designed to elicit hearsay responses, is unavailing. The record belies her claims and in fact demonstrates that she received meaningful representation (see Matter of Jonathan LL., 294 AD2d 752 [3d Dept 2002]).

The agency was under no special obligation to treat the father more favorably because he was incarcerated for an extended period during the relevant permanent neglect period and, even when he was not in prison, he failed to engage in services or visit the child regularly. The mother, too, was aware of the visitation schedule and routinely failed to appear (see Matter of Emily A., 216 AD2d 124 [1st Dept 1995]).

The preponderance of the evidence supports the determination that termination of the parties' parental rights was in the best interests of the child (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The record shows that the child has been in a stable and loving foster home for several years, where all of her basic needs are being met and her foster mother wishes to adopt her (see Matter of Jayvon Nathaniel L. [Natasha A.], 70 AD3d 580 [1st Dept 2010]). The circumstances presented do not warrant a suspended judgment. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.