■ In the Matter of YASMINE F., an Infant. JUNIOR F., Appellant; EDWIN GOULD SERVICES FOR CHILDREN, Respondent. [43 NYS3d 31]—

Order of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about July 17, 2015, which, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]). The record shows that the agency made diligent efforts to encourage and strengthen the parental relationship, including developing an appropriate service plan and monitoring the father's compliance therewith, and regularly meeting with the father (*see Matter of Deime Zechariah Luke M. [Sharon Tiffany M.]*, 112 AD3d 535, 536 [1st Dept 2013], *lv denied* 22 NY3d 863 [2014]). The agency was not obligated to seek modification of the orders of protection prohibiting visitation or contact by the father. The father did not appeal from the orders and cannot now dispute their propriety. At any rate, the agency was justified in not seeking modification in view of the child's desire not to see her father.

The record also demonstrates that the father failed to plan for the child's future for the requisite period. Although he complied with the recommended service plan, he nonetheless failed "to gain insight into [his] parenting problems" or take responsibility for the issues that prompted foster care placement in the first place (*Matter of Leroy Simpson M. [Joanne M.]*, 122 AD3d 480, 480 [1st Dept 2014]; *see Matter of Janell J. [Shanequa J.]*, 88 AD3d 512 [1st Dept 2011]).

The court properly found that adoption was in the child's best interests (*see Matter of Latesha Nicole M.*, 219 AD2d 521 [1st Dept 1995]). The child is happy in her foster home and desires adoption, while the father continues to be aggressive and deny responsibility for his harmful conduct. Under these circumstances, a suspended judgment was not warranted (*see*

*Matter of Julianna Victoria S. [Benny William W.],* 89 AD3d 490, 491 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]). Nor was it improper to separate the child from her half-siblings, with whom she lived for only two years and whom she never expressed a desire to see (*see e.g. Matter of S. Children,* 210 AD2d 175, 176 [1st Dept 1994], *lv denied* 85 NY2d 807 [1995]). Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.