■ In the Matter of KASEY RENE'E R., Also Known as KASEY R. and Others, Children Alleged to be Permanently Neglected. KATHERINE RENE'E E., Also Known as KATHERINE RENEE E., Appellant; LUTHERAN SOCIAL SERVICES OF NEW YORK, Respondent. [52 NYS3d 60]—

Orders of fact-finding and disposition (one paper for each child), Family Court, Bronx County (Carol Sherman, J.), entered on or about April 23, 2015, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent mother had permanently neglected the subject children, terminated the mother's parental rights, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the mother failed to plan for the children's future (*see* Social Services Law § 384-b [7] [a]). The agency made diligent efforts by, among other things, referring the mother for various parenting programs and mental health services, as well as by scheduling and facilitating visitation with the children (*see id.* § 384-b [7] [f]; *see also Matter of Marissa Tiffany C-W. [Faith W.]*, 125 AD3d 512, 512 [1st Dept 2015]). Despite these efforts, and de-

spite engaging in numerous services, the mother had not altered or improved her parenting methods (*see* Social Services Law § 384-b [7] [c]). Among other things, the mother continued to speak to the children in a threatening and aggressive manner and used inappropriate physical punishment with them, despite being counseled about her behavior (*see Matter of Cameron W. [Lakeisha E.W.]*, 139 AD3d 494, 494 [1st Dept 2016]).

A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interest of the children (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). A suspended judgment is not appropriate, given the mother's lack of insight into her behavior and the special needs of the children, and given the fact that the children's needs are being met in their foster home, where they have resided since 2010 (*see Matter of Julianna Victoria S. [Benny William W.]*, 89 AD3d 490, 491 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]). Concur—Friedman, J.P., Richter, Mazzarelli, Feinman and Gische, JJ.