■ In the Matter of DE'LYN D.W., a Child Alleged to be Permanently Neglected. LIZA CARMEN T., Appellant; MERCY-FIRST, Respondent. [56 NYS3d 53]—

Resettled order, Family Court, New York County (Stewart Weinstein, J.), entered on or about May 27, 2015, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services

for the purpose of adoption, unanimously affirmed, without costs.

The determination of permanent neglect is supported by clear and convincing evidence that respondent failed to plan for the child's future, despite diligent efforts by the agency to encourage and strengthen the parental relationship (Social Services Law § 384-b [7]). The agency fulfilled its duty to make diligent efforts to provide respondent with assistance by developing a comprehensive service plan to address respondent's hoarding problem, maintaining frequent contact with her, ensuring her participation in scheduled services, and facilitating her visits and contact with the child. "The parent must assume some measure of initiative and responsibility [and] [t]he agency will be deemed to have fulfilled its duty if its reasonable efforts are rebuffed by an uncooperative or indifferent parent" (*Matter of Imani Elizabeth W.*, 56 AD3d 318, 319 [1st Dept 2008] [citation omitted]).

Despite the agency's meaningful efforts, respondent failed to plan for the future of the child by demonstrating a complete lack of insight regarding her inability to provide the child with a safe and appropriate home (*see Matter of Jennifer S.*, 61 AD3d 613, 614 [1st Dept 2009]). Respondent failed to correct the unsanitary and unsafe conditions in her apartment over a four-year period, and failed to account for the well-being of the child in foster care by repeatedly violating the visitation orders and making comments to the child about her foster mother (*see Matter of Jonathan NN. [Michelle OO.]*, 90 AD3d 1161, 1163-1164 [3d Dept 2011], *lv denied* 18 NY3d 808 [2012]).

A preponderance of the evidence at the dispositional hearing supported the determination that the best interests of the child warranted termination of respondent's parental rights so as to facilitate adoption.

We have considered respondent's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.