■ In the Matter of ANTONIO JAMES L. and Others, Children Alleged to be Permanently Neglected. ERIC DAVID L. et al., Appellants; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [67 NYS3d 615]—

Orders of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about June 10, 2016, which, upon a finding of permanent neglect, terminated respondents' parental rights to the subject children and transferred the children's care and custody to petitioner agency and the Commissioner for the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about May 18, 2016, which dismissed the aunt and uncle's custody petitions for the children, unanimously dismissed, without costs.

The record shows by clear and convincing evidence that the agency made diligent efforts to strengthen the parental relationship between respondent father and the children by scheduling visitation, and referring him for mental health services, a parenting skills class, random drug screenings and sex offender treatment (*see* Social Services Law § 384-b [7] [f]; *Matter of Elijah Jose S. [Jose Angel S.]*, 79 AD3d 533, 533-534 [1st Dept 2010], *lv denied* 16 NY3d 708 [2011]). The father's claim that it was inappropriate to require him to receive sex offender treatment because no finding of sexual abuse was entered against him is unavailing. The Family Court entered such a finding in a fact-finding order entered on or about February 13, 2013 (almost two years before the permanent neglect petition was filed), after it determined that a child he was legally responsible for saw child pornography on his computer and that he had participated in chat rooms where child pornography was discussed.

The record also shows by clear and convincing evidence that the agency exercised diligent efforts to strengthen the parental relationship between respondent mother and the children by, among other things, scheduling visitation, referring her for mental health treatment and random drug testing, and urging her to enter and complete her services (*see Matter of Jordane John C.*, 14 AD3d 407, 407-408 [1st Dept 2005]).

In addition, the record demonstrates by clear and convincing evidence that the parents permanently neglected the children, despite regularly visiting them, by failing to comply with the agency's referrals for services, complete necessary programs, attend mental health therapy regularly, and gain insight into the reasons for the children's placement into foster care (*Matter of Tiara J. [Anthony Lamont A.]*, 118 AD3d 545, 546 [1st Dept 2014]; *see* Social Services Law § 384-b [7] [a]). The record also shows that the mother refused to separate from the father even though she was made aware that not doing so would impede the return of the children to her care (118 AD3d at 546).

The determination that it was in the children's best interest to terminate the parents' parental rights and free them for adoption is supported by a preponderance of the evidence (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Neither parent demonstrated that they were close to completing their service plan or had a realistic plan to provide the children with an adequate and stable home (*see Matter of Malachi P. [Georgette P.]*, 142 AD3d 883, 884 [1st Dept 2016]). Furthermore, the record shows that the children were placed in the foster mother's care when they were very young (*see Matter of Fernando Alexander B. [Simone Anita W.]*, 85 AD3d 658, 659 [1st Dept 2011]).

The aunt and uncle's appeal from the order dismissing the custody petitions is dismissed. Their proof of service states that only the Administration for Children's Services was served with their notice of appeal and appellants' brief even though they were required to also serve those papers upon the parents, the agency and the attorney for the children (*see* Family Ct Act § 1115; CPLR 2103 [e]; 5515 [1]).

Nevertheless, since the custody order is incorporated into the order of disposition, and since the parents argue, in the alternative, that the children should have been placed with the aunt and uncle, we will consider the order.

Family Court properly determined that dismissal of the custody petitions is in the children's best interests (*see Matter of Azmara N.G. v Jesse Stephanie S.*, 93 AD3d 404 [1st Dept 2012], *lv denied* 19 NY3d 803 [2012]). The children found stability and a loving home with the foster mother, where they have lived for almost five years. Further, the record shows that the aunt and uncle had not received foster parent training, and did not believe that the father had committed sexual abuse. Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.