Matter of Christian D. (Marian R.) (2018 NY Slip Op 00454)





Matter of Christian D. (Marian R.)


2018 NY Slip Op 00454


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5533

[*1]In re Christian D., and Others, Dependent Children Under the Age of Eighteen Years, etc., Marian R., Respondent-Appellant, SCO Family of Services of New York, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Marianne Allegro of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 22, 2016, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject children, and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the mother failed to plan for the children's future (see Social Services Law § 384-b[7][a]). The agency made diligent efforts by, among other things, referring the mother for various parenting programs and mental health services, as well as by scheduling and facilitating visitation with the children (see id. § 384-b[7][f]; see also Matter of Marissa Tiffany C-W. [Faith W.], 125 AD3d 512, 512 [1st Dept 2015]). Since the mother was already receiving drug treatment and drug testing as well as other services through the Family Treatment Court, the agency did not need to replicate those services, but did repeatedly encourage her to comply with them (see Matter of Star A., 55 NY2d 560, 565 [1982]; see also Matter of Robert Calvin R., 59 AD3d 265, 266 [1st Dept 2009]).
Despite the agency's efforts, the mother never meaningfully engaged in the multiple services offered to her and never attained sobriety during the relevant time period (see Social Services Law § 384-b[7][c]). The record amply supports Family Court's finding that the mother's numerous relapses into drug abuse after the children entered foster care, her failure to complete the other components of her service plan, and her failure to visit the children regularly constituted a failure to plan (see e.g. Matter of Lihanna A. [Marcella H.], 140 AD3d 404, 404 [1st Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Essence T.W. [Destinee R.W.], 139 AD3d 403 [1st Dept 2016]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interest of the children (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). At the time of the dispositional hearing, the children had been in the same pre-adoptive, nonkinship foster homes for most of their lives, their needs were being met, and the foster parents wished to adopt them (see Matter of Cameron W. [Lakeisha E.W.], 139 AD3d 494, 494-495 [1st Dept 2016]). Both sets of foster parents have also demonstrated a commitment to maintaining a relationship among the siblings. Given the foregoing, and the children's "strained" relationship with the mother, which was limited to supervised visits at the agency, Family Court [*2]properly concluded that a suspended judgment is not in the children's best interest (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK