Matter of L. Children v Catholic Guardian Servs. (2019 NY Slip Op 00184)





Matter of L. Children v Catholic Guardian Servs.


2019 NY Slip Op 00184


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8080

[*1]In re L. Children, Children Under Eighteen Years of Age, etc. Wileen J., Respondent-Appellant,
v
Catholic Guardian Services, Petitioner-Respondent.
In re Renee J., Petitioner,
v
Wileen J., Respondent-Appellant.


Thomas R. Villecco, Jericho, for appellant.
MaGovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Karen Freedman, Lawyers For Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about September 21, 2017, which, upon a finding of permanent neglect, held that the subject children's best interests required that they be freed for adoption, terminated the mother's parental rights, and denied the custody petitions filed by the children's sibling and aunt, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence of the Catholic Guardian Services' (CGS) diligent efforts to encourage and strengthen the parental bond and of the mother's failure to plan for the future of the subject children (see Social Services Law §§ 384-b[7][a], [c]; see also Matter of Sheila G., 61 NY2d 368 [1984]).
The mother's focus on her visits with the children ignores the statutory language that permanent neglect can be established by a parent's failure to maintain contact with "or" plan for the future of the child (Social Services Law § 384-b[7][a]).
The record is replete with evidence of her failure to plan for the children's future. She refused to acknowledge her son was autistic and, rather than plan for his future, was unwilling to cooperate in getting him help. Her consistent hostility towards services further supports the finding of permanent neglect. She did not or could not acknowledge why her children had been removed from her care, and insisted she needed no counseling or anger management assistance. To the extent she engaged with services, her doing so did not help her come to terms with the past or help her understand how to parent her children going forward (see Matter of Nathaniel T., 67 NY2d 838 [1986]; Matter of Cameron W. [Lakeisha E.W.], 139 AD3d 494 [1st Dept 2016]; Matter of Shaianna Mae F. [Tsipora S.], 69 AD3d 437 [1st Dept 2010]).
The mother's position on appeal reiterates her unwillingness to take responsibility. Rather than acknowledge CGS's diligent efforts, supported by the record, to advise her to engage in services, to ensure that visits between her and the children took place, and to ensure she was referred to a service provider with whom she felt cultural affinity, she blames the agency for not preventing her Medicaid from lapsing, even though it is unclear when she even informed the agency it had lapsed or what she expected CGS to do, given her testimony that she let it lapse due to a then-planned move to Texas. Her refusal to take responsibility and her misplaced perception of CGS as a guarantor further supports Family Court's determination of permanent neglect (see Matter of De'Lyn D.W. [Liza Carmen T.], 150 AD3d 599 [1st Dept 2017]; Matter of Zaya Faith Tamarez Z. [Madelyn Enid T.], 145 AD3d 459 [1st Dept 2016]; Matter of Kadiza D. [Saaniel T.], 138 AD3d 421 [1st Dept 2016], lv denied 27 NY3d 912 [2016]).
A preponderance of the evidence supports the determination that termination of parental rights was in the best interests of the children. They have lived in the same foster home since 2013 in the case of the boy, and since 2015 in the case of his sisters. It is a stable home environment, the children wish to refer to their foster parent as "mommy," and she is willing to adopt them.
Dismissal of the sibling's and aunt's custody petitions was also in the children's best interests. Neither demonstrated any appreciable relationship with the children. Their petitions assume that, as family members, they are preferable custodians of the children, a position appropriately rejected by Family Court (see Matter of Chartasia H. [Sandra H.H.], 88 AD3d 576 [1st Dept 2011]; Matter of Vanisha J. [Patricia J.], 87 AD3d 696 [2d Dept 2011]), which correctly found that adoption by the foster mother was in the children's best interests given the stability of the foster home environment and the foster mother's wish to adopt them.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK