Matter of Chon-Michael S. (Shanice A.) (2019 NY Slip Op 03685)





Matter of Chon-Michael S. (Shanice A.)


2019 NY Slip Op 03685


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Friedman, J.P., Renwick, Kapnick, Kahn, Oing, JJ.


9282

[*1]In re Chon-Michael S., etc., A Dependent Child Under the Age of Eighteen Years, etc., Shanice A., Respondent-Appellant, The New York Foundling Hospital, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
The New York Foundling Hospital Adoption and Legal Services, Long Island City (Daniel Gartenstein of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Emily Olshanksy, J.), entered on or about March 29, 2018, which, inter alia, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the finding that the mother permanently neglected the child by failing to plan for his future, despite the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]). The mother failed to comply with the services the agency provided, including mental health treatment, anger management, random drug testing, and scheduled visitation. The agency attempted to maintain frequent contact with the mother to ensure her participation in the services and facilitate visitation, but she failed to cooperate, as she was unreachable or unresponsive, and repeatedly missed scheduled visits (see Matter of De'Lyn D.W. [Liza Carmen T.], 150 AD3d 599 [1st Dept 2017]; Matter of Imani Elizabeth W., 56 AD3d 318 [1st Dept 2008]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interest of the child (see Matter of Star Leslie W., 63 NY2d 136, 147 [1984]). The child is well-cared for in his foster home and his foster parent wishes to adopt him. Moreover, the mother has failed to take any steps toward reunification, and she has not set forth a feasible plan to care for the child (see e.g. Matter of Deime Zechariah Luke M. [Sharon Tiffany M.], 112 AD3d 535, 536-537 [1st Dept 2013], lv denied 22 NY3d 863 [2014]).
The court's denial of the mother's request, through counsel, for an adjournment of the dispositional hearing was a provident exercise of discretion. The mother routinely failed to appear at visitations with the child and at meetings connected to the proceedings. She also [*2]arrived 30 minutes late to a fact-finding hearing and did not appear when the hearing was continued (see Matter of Naethael Makai A. [Adwoa A.], 135 AD3d 438, 439 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK