Matter of Ziah X.C. (Kevin C.--Laurel McC.) (2019 NY Slip Op 03912)





Matter of Ziah X.C. (Kevin C.--Laurel McC.)


2019 NY Slip Op 03912


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9356 9355 9354 9353

[*1]In re Ziah X.C., And Others, Children Under the Age of Eighteen Years, etc., Kevin C., Respondent-Appellant, Saint Dominic's Home, Petitioner-Respondent, Laurel McC., Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child Ziah X.C.
Bruce A. Young, New York, attorney for the child Damani C.



Orders of disposition, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about March 15, 2018, which, inter alia, upon findings of permanent neglect, terminated respondent father's parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The determination that the agency exercised diligent efforts to support reunification of the father with the children was supported by clear and convincing evidence (see Social Services Law § 384-b[7]). The agency provided the father with a service plan and referrals tailored to his needs, including a parenting program for special needs children, marriage and individual counseling, as well as domestic violence counseling. Despite his completion of the recommended services, the father was unable to demonstrate the necessary parenting skills and failed to adequately plan for the children because of his inability to separate from the mother, who continued to suffer from untreated alcoholism (see Matter of Leroy Simpson M. [Joanne M.], 122 AD3d 480 [1st Dept 2014]; Matter of Kie Asia T. [Shaneene T.], 89 AD3d 528 [1st Dept 2011]; Matter of John G., Jr. [John G.], 70 AD3d 419 [1st Dept 2010]).
A preponderance of the evidence supports the determination that termination of the father's parental rights was in the best interests of the children (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). A suspended judgment was not warranted under the circumstances, given the father's lack of insight into the children's special needs and his own behavior, and his decision to move three hours away from them. The children have lived with the foster mother for most of their lives, have bonded with her, and she is equipped to handle their special needs [*2]and wishes to adopt them (see Matter of Angelica D. [Deborah D.], 157 AD3d 587 [1st Dept 2018]).
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK