Matter of Faith J. (Kimberly J.) (2021 NY Slip Op 07513)





Matter of Faith J. (Kimberly J.)


2021 NY Slip Op 07513


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Docket No. B-17764/18 Appeal No. 14932 Case No. 2020-03933 

[*1]In the Matter of Faith J., a Dependent Child Under the Age of Eighteen Years, etc., Kimberly J., Respondent-Appellant, Graham Windham, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn (Jeffrey Blinkoff of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, New York County (Clark Richardson, J.), entered August 14, 2020, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the determination that the agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, developing a plan for appropriate services such as mental health treatment, dyadic therapy to strengthen the mother's bond with the child, assistance with establishing appropriate housing, and random drug tests, making referrals for those services, scheduling regular visitation with the child, and giving the mother MetroCards for her traveling costs (see Social Services Law § 384-b[7][a], [c], [f]; Matter of Antonio James L. [Eric David L.], 156 AD3d 554, 554 [1st Dept 2017]; Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]). Although it is undisputed that the mother obtained suitable housing and her drug tests were negative, the mother failed to comply with other required services, despite the agency's diligent efforts. She also failed to consistently visit the child, attending only 37 of the 105 visits available to her with the child during the relevant time frame. Indeed, the mother does not assert that she tried to reschedule any of those visits. The mother's failure to maintain contact with the child through consistent and regular visitation alone constitutes permanent neglect (see Matter of Aisha C., 58 AD3d 471, 472 [1st Dept 2009], lv denied 12 NY3d 706 [2009]; Matter of Lamikia Shawn S., 276 AD2d 279, 279 [1st Dept 2000]). To the extent that the mother had in the past attended dyadic therapy sessions, there is no evidence that she gained insight into her behavior or otherwise benefitted from therapy (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011], lv denied 18 NY3d 805 [2012]).
The record supports the determination that termination of the mother's parental rights is in the child's best interests. The evidence presented at the dispositional hearing established that the child was doing well living with the foster mother, who has cared for the child since birth along with the subject child's two older siblings who had previously been freed for adoption, and that the foster mother wanted to adopt the child (see Matter of Sandra N. v Administration for Children's Servs., 103 AD3d 591, 592 [1st Dept 2013], lv denied 21 NY3d 857 [2013]; Matter of Nicole Monique H., 270 AD2d 205, 205 [1st Dept 2000], lv denied 95 NY2d 761 [2000]).
A suspended judgment is not warranted, since the mother failed to address the problems that caused the child to be removed from her care, and the problems remained unresolved at [*2]the time of disposition (see Matter of Malachi P. [Georgette P.], 142 AD3d 883, 884 [1st Dept 2016]). The child is now five years old, and was placed days after birth into foster care; allowing the mother still more time to demonstrate that she can be a fit parent would serve no purpose other than to prolong the child's lack of permanence (see Matter of Autumn P. [Alisa R.], 129 AD3d 519, 520 [1st Dept 2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021