Matter of Tashenea J.S. (Donald R.) (2024 NY Slip Op 02676)

Matter of Tashenea J.S. (Donald R.)

2024 NY Slip Op 02676

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Docket No. B-29494/13 Appeal No. 2283 Case No. 2023-03146 

[*1]In the Matter of Tashenea J.S., a Dependent Child Under the Age of Eighteen, Donald R., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.

Geoffrey P. Berman, Larchmont, for appellant.
Kirk Passamonti, Bronx, for respondent.
Carol L. Kahn, New York, attorney for the child.

Order of fact-finding and disposition (one paper), Supreme Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about May 1, 2023, which, to the extent appealable and as limited by the briefs, determined that respondent father permanently neglected the subject child, unanimously affirmed, without costs.
Clear and convincing evidence supports the determination that petitioner agency made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a], [c], [f]). The agency's efforts included developing a plan for appropriate services, discussing with the father the necessity of completing his service plan and the need to regularly and consistently visit the child, referring him for random drug screenings, referring him to a support group for the child's medical needs, and providing him with subway fare, among other things (see Matter of Z.Z.Z.K.F. [Katrina F.], 213 AD3d 601, 602 [1st Dept 2023]; Matter of Antonio James L. [Eric David L.], 156 AD3d 554, 554 [1st Dept 2017]).
The finding of permanent neglect is supported by clear and convincing evidence (see Social Services Law § 384-b[7][a]). Despite the agency's diligent efforts, the father failed to plan for the child's future during the statutorily relevant time period. The case planner's fact-finding testimony and the agency's progress notes in evidence established that he did not complete his service plan, and demonstrated a lack of insight into the condition that led to the child's removal (see Matter of Maria G.T. [Maria T.], 213 AD3d 556, 557 [1st Dept 2023]; Matter of Amanda M.T. [Charles Franklin T.], 189 AD3d 470, 471 [1st Dept 2020], lv denied 36 NY3d 907 [2021]). The father's claims that the agency did not timely refer him for services or that the progress notes do not accurately reflect how often he visited the child are not supported by the record. Even if the father could establish consistent visitation, that would not preclude a finding of permanent neglect given that he did not complete a parenting skills course nor attend the one-on-one training that would have helped him to properly address the child's medical needs (see 
Matter of Autumn P. [Alisa R.], 129 AD3d 519, 520 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024