Matter of Hazelselena S. M. (Alyssa G.) (2024 NY Slip Op 06010)

Matter of Hazelselena S. M. (Alyssa G.)

2024 NY Slip Op 06010

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Docket No. B-06643/22 Appeal No. 3139 Case No. 2024-01920 

[*1]In the Matter of Hazelselena S. M., Also Known as Hazelselena M., A Child under the Age of 18 Years, etc., Saint Dominic's Family Services/Commissioner of Administration for Children's Services, Petitioner-Respondent,
Alyssa G., Respondent-Appellant, Johnny M., Respondent.

Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for appellant.
Ira L. Eras, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about February 28, 2024, which, to the extent appealed from as limited by the briefs, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence showing that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the mother failed to plan for the child's return because she gained no insight into the reasons for the child's placement during the relevant statutory period (see Social Services Law § 384-b[7][a]; see Matter of Jeremiah C. [Kim C.], 211 AD3d 598, 599 [1st Dept 2022], lv denied 39 NY3d 910 [2023]). The agency fulfilled its statutory duty to exert diligent efforts to encourage and strengthen the parental relationships by developing a service plan to address the problems that led to the child's removal, maintaining frequent contact with the mother, supporting her participation in scheduled services, and facilitating her visits and contact with the child (see Matter of N.S. [M.H.], 228 AD3d 471, 472 [1st Dept 2024]; Matter of De'Lyn D.W. [Liza Carmen T.], 150 AD3d 599, 600 [1st Dept 2017]). Despite these efforts by the agency, the mother failed to complete the required evaluations and services. The mother's testimony that the services intended to help her to care for the child were "pointless" and unnecessary demonstrates that the agency's efforts failed because of the mother's refusal to cooperate (see Matter of La'Vetta Danile S.F., 194 AD2d 384, 385 [1st Dept 1993]).
To the extent that the mother received anger management services and mental health treatment for bipolar disorder, the record shows that she did not gain insight into her behavior or otherwise benefit from therapy (see Matter of Faith J. [Kimberly J.], 200 AD3d 611, 612 [1st Dept 2021]; Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011], lv denied 18 NY3d 805 [2012]), and she exhibited an inability to control her anger when faced with circumstances she did not like (see Matter of Ebonee Annastasha F. [Crystal Arlene F.], 116 AD3d 576, 577 [1st Dept 2014], lv denied 23 NY3d 906 [2014]; Matter of Imani Elizabeth W., 56 AD3d 318, 319 [1st Dept 2008]). There were concerns about the mother's "erratic behaviors" and chronic lateness for visits, and she ultimately terminated her therapy, stating that she did not need medication or services. For that reason, the mother's visits with the child were suspended. Although the mother reported that she completed an intake appointment for mental health services at another provider, she presented no evidence concerning that treatment before the termination petition was [*2]filed (see Matter of Amanda M.T. [Charles Franklin T.], 189 AD3d 470, 471 [1st Dept 2020], lv denied 36 NY3d 907 [2021]).
Additionally, a preponderance of the evidence demonstrates that it was in the child's best interest to be freed for adoption (see Matter of Leroy Simpson M. [Joanne M.], 122 AD3d 480, 481 [1st Dept 2014]). A suspended judgment was not warranted because the child, who has been in foster care since May 2017, was living in a loving foster home where her needs were being met, and her foster mother wanted to adopt her (see Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]). Furthermore, the mother failed to show that she was able to properly care for the child or would be able to do so in the future (see Matter of Raul R. [III] [Raul R.—Cinthia R.], 199 AD3d 594, 595 [1st Dept 2021], lv denied 38 NY3d 944 [2022]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024